■ MARK HEINDEL, Individually and as Father and Natural Guardian of DONNA HEINDEL, an Infant, Appellant, v BOWERY SAVINGS BANK et al., Defendants, and INTERSTATE SECURITY SERVICE NORTH, a Subsidiary of A. GLOBE SECURITY COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 4, 1987 in Sullivan County, which partially granted a motion by defendant Interstate Security Service North for summary judgment dismissing the complaint against it.

Defendant Robert Turner was employed as a security guard by defendant Interstate Security Service North (hereinafter Interstate). On December 31, 1983 he was assigned to work at the Mid-Valley Mall in the Town of Newburgh, Orange County. At approximately 8:30 P.M., Turner forced a 15-year-old girl who was in the mall to accompany him to the mall's

security office where he assaulted, raped and sodomized her. Turner was subsequently convicted upon his plea of guilty to the crime of rape in the first degree and sentenced to a term of imprisonment.

The victim's father (hereinafter plaintiff) commenced this action alleging, *inter alia*, that Interstate was vicariously liable for Turner's acts. Interstate moved for summary judgment. Supreme Court granted partial summary judgment dismissing the first and second causes of action which were premised upon the theory of respondeat superior. This appeal by plaintiff followed.

We affirm. While an employer can be held vicariously liable for the torts of his employee committed in the course of the employer's work, even if the acts are done irregularly or with disregard of instruction (*see, Riviello v Waldron,* 47 NY2d 297, 302-305), there is no respondeat superior liability for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business (*see, Murray v Watervliet City School Dist.,* 130 AD2d 830, 831). Here, Turner's outrageous conduct was in no way incidental to the furtherance of Interstate's interest. The acts were committed for personal motives and were a complete departure from the normal duties of a security guard. Accordingly, we conclude that Supreme Court correctly dismissed the causes of action which were based upon the theory of respondeat superior.

The other arguments advanced by plaintiff on appeal have been considered and found meritless.

Order affirmed, with costs. Kane, J. P., Yesawich, Jr., Levine and Harvey,JJ., concur.