■ ROGER HENDRICKS et al., Appellants, v 333 BAYVILLE AVENUE RESTAURANT CORP., Doing Business as CRESCENT BEACH CLUB, Respondent, et al., Defendants. [688 NYS2d 593] —In an action, *inter alia*, to recover damages for negligence and sexual harassment, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), entered February 4, 1998, as granted the cross motion of the defendant 333 Bayville Avenue Restaurant Corp., d/b/a Crescent Beach Club for summary judgment to the extent that the plaintiffs' claims arising out of the alleged rape were dismissed.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The infant plaintiff was employed by the defendant 333 Bayville Avenue Restaurant Corp. d/b/a Crescent Beach Club (hereinafter the Club) beginning in April 1993. On July 13, 1993, she attended a private party for the Club's employees which was organized by a coworker and held at a restaurant near the Club. During the party, the infant plaintiff was attacked and raped on the beach by four men who worked in the Club's kitchen.

The plaintiffs commenced this action against, among others, the Club, in which they alleged a common-law negligence cause of action and a cause of action alleging sexual harassment pursuant to the State Human Rights Law (Executive Law § 296). The Supreme Court granted the Club's motion for summary judgment to the extent of dismissing those claims arising out of the rape.

We conclude that the Club established its entitlement to dismissal of the first cause of action, which was based on common-law negligence. The Club cannot be held vicariously liable for the rape allegedly committed by its employees, as the underlying act was not within the scope of their employment but was clearly committed for personal motives unrelated to the Club's business (*see, Adams v New York City Tr. Auth.,* 88 NY2d 116; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401; *Heindel v Bowery Sav. Bank,* 138 AD2d 787). Furthermore, the plaintiffs failed to offer sufficient facts to raise a triable issue that the Club was directly liable for the rape based on its negligence in hiring, training, or supervising its employees (*see, Rodriguez v United Transp. Co.,* 246 AD2d 178; *Mataxas v North Shore Univ. Hosp.,* 211 AD2d 762).

The fifth cause of action, which was asserted pursuant to the State Human Rights Law, was based on the theory that sexual harassment of the infant plaintiff by her coworkers, including the alleged rapists, created a hostile work environment. We conclude that the Club was entitled to dismissal of so much of the fifth cause of action as sought to impose liability for damages she suffered as a result of the rape. There is no evidence that the Club encouraged, condoned, or approved of this conduct (*see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 53).

The Club contends that this Court should exercise its authority to search the record and grant it summary judgment dismissing the fifth cause of action in its entirety (*see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). However, there are triable issues of fact as to whether, *inter alia,* the Club knew or should have known of the alleged sexual harassment which occurred at the workplace and failed to take remedial action (*see, Spoon v American Agriculturalist,* 120 AD2d 857). O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.