Dawn FERNANDEZ, Plaintiff,

v.

John DeLENO and Gary Lucchese, individually and in their official capacity as police officers of the New Rochelle Police Department, New Rochelle Police Department, and the City of New Rochelle, a municipal corporation, Defendants.

Gary Lucchese and John DeLeno, Third–Party Plaintiffs,

v.

Patrick J. Carroll, individually, Dominic Capio, individually, Rhoda Quash, individually, Tim Idoni, individually and Robert DeLeno, individually, Third–Party Defendants.

No. 96 Civ. 5476(BDP).

United States District Court, S.D. New York.

May 25, 1999.

Michael A. Hardy, Scheurer, Wiggin & Hardy, New York City, for plaintiff.

Richard C. Oleson, O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, White Plains, NY, Jonathan Lovett, Lovett & Gould, White Plains, NY, for defendants John Deleno, Gary Lucchese.

Robert David Goodstein, Goodstein & West, New Rochelle, NY, for defendants New Rochelle Police Department, The City of New Rochelle, Patrick J. Carroll, Dominic Capio, Rhoda Quash, Tim Idoni and Robert Deleno.

## MEMORANDUM AND ORDER

BARRINGTON D. PARKER, JR., District Judge.

Cross-claim defendant the City of New Rochelle (the "City") and third-party defendants Patrick Carroll, Dominic Capio, Rhoda Quash, Tim Idoni, and Robert DeLeno (the "individual defendants") move for summary judgment pursuant to Fed. R.Civ.P. Rule 56 against third-party plaintiffs Gary Lucchese and John DeLeno.

The third-party plaintiffs' sole claim against the individual defendants and third cross-claim against the City is pursuant to 42 U.S.C. § 1983 for false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution.[1] The third-party plaintiffs' fourth and eighth cross-claims against the City assert a violation of the Equal Protection Clause of the Fourteenth Amendment, the sixth cross-claim asserts a violation of New York State Public Officers Law § 18, and the ninth cross-claim asserts a violation of Article 6–A of the New York State Public Officers Law. For the reasons stated below, summary judgment is granted.[2]

## BACKGROUND

This case arises from events surrounding third-party plaintiffs Lucchese and DeLeno's arrest, prosecution and acquittal on rape, assault and sodomy charges. Dawn Fernandez, a civilian police dispatcher, alleged she was raped by New Rochelle police officers Lucchese and DeLeno. As a result of these allegations the New Ro-

1. The First Amended Third–Party Complaint mentions at the beginning of the complaint a claim under 42 U.S.C. § 1985, but does not indicate which subsection the third-party plaintiffs believe applies. Further, the third-party plaintiffs fail to delineate a § 1985 violation and solely bring their claims asserted in the complaint pursuant to § 1983. Since the third-party plaintiffs have not alleged any specific facts in their amended complaint to support a claim pursuant to any subsection of § 1985 and since the third-party plaintiffs' papers reveal none, the Court concludes the reference to § 1985 was an error. In any event, the amended complaint fails to state a claim under § 1985. See Fed.R.Civ.P. Rule 12(b)(6).

2. The third-party plaintiffs have withdrawn their claims against the City of violations of the right to due process and liberty as guaranteed by the Fourteenth Amendment to the United States Constitution and the violation of § 296 of the New York State Executive Law (cross-claims 1, 2, 5 and 7). See Plaintiffs Memorandum of Law in Opposition to Summary Judgment, page 2, n. 1

chelle Police Department instigated an investigation. The Westchester County Assistant District Attorney assigned to the matter, Barbara Egenhauser, presented evidence and witnesses to a grand jury, which subsequently indicted Lucchese and DeLeno. After these indictments, arrest warrants were issued, upon which Lucchese and DeLeno surrendered themselves to the Westchester County District Attorney's Office. After the state criminal trial where Lucchese and DeLeno were found not guilty, Fernandez initiated this litigation against DeLeno and Lucchese in their individual and official capacities, as well as the City of New Rochelle and the New Rochelle Police Department. Lucchese and DeLeno cross-claimed against the City and asserted third-party claims against Carroll, Capio, Quash, Idoni and Robert DeLeno.

At the relevant time Carroll was the Police Commissioner of the City, Capio was the lieutenant assigned to the Internal Affairs Unit, Quash was a City Counsel member, Idoni was the mayor of the City, and Robert DeLeno was a lieutenant in the New Rochelle Police Department.[3] The third-party complaint alleges that the individual defendants and the City directed and controlled the Police Department's "deliberately skewed criminal investigation" of the Fernandez incident and that Robert DeLeno deliberately concealed notes he made during the investigation. Additionally, they claim that the City violated their right to privacy by public disclosure of their home addresses in a press release.

■ While these allegations constitute the gravamen of the third-party complaint, third-party plaintiffs in opposition to the summary judgment motion have failed to adequately identify any triable issues of fact. Local Civil Rule 56.1(d) unambiguously requires, "Each statement of materi-

al fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by the Federal Rule of Civil Procedure 56(e)." Third-party plaintiffs' counsel has failed to include any evidentiary citations in his Rule 56.1 Statement. As a result of this omission, defendants maintain that the Statement pursuant to Local Civil Rule 56.1(d) submitted in opposition to the motion for summary judgment is deficient and must be disregarded. They are correct. *See, e.g., Titan Indem. Co. v. Triborough Bridge & Tunnel Auth., Inc.,* 135 F.3d 831, 835 (2d Cir.1998) (noting that "[i]t is well established that if a party fails to object or respond to the factual allegations in an opposing party's 3(g) [now 56.1] Statement, those factual assertions will be deemed true."); *Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984) (affirming grant of summary judgment when plaintiffs failed to submit any statement pursuant to Local Civil Rule 3(g) and when the defendants' admitted facts established adequate nonpolitical reasons for the actions complained of).

This Court, on two prior occasions before the submission of this motion, has returned to third-party plaintiffs' counsel's law firm Rule 56.1 Statements that manifestly failed to comply with this Local Civil Rule and, on both occasions, the Court directed the firm to resubmit the statement in a form that complied with the Rule.[4] Compliance in this case with Local Civil Rule 56.1 would have required third-party plaintiffs and their counsel to demonstrate, through appropriate citations to the record, the disputed factual matters they believed could only be resolved at trial. Rather than heed these admonitions and comply with Rule 56.1, counsel simply, in effect, pointed to virtually the entire body of extensive discovery in this case without any evidentiary affidavits or other

---

**3.** Robert DeLeno is also the cousin of third-party plaintiff John DeLeno.

**4.** *Jagich v. Boucher,* Order 97 Civ. 6038, Docket No. 18, Nov. 18, 1998; *Carlsen v. Egginton,* Order 97 Civ. 3479, Docket No. 38, Oct. 7, 1998.

meaningful identification of triable facts in the record, in effect, inviting this Court to peruse a haystack looking for needles. This invitation is not only inconsistent with the plain requirements of Local Civil Rule 56.1 but, if accepted, would eviscerate summary judgment as an efficient tool for distinguishing claims that should be tried from those that need not be tried. Were this the first—not the third—time this noncompliance had occurred, the Court would, perhaps, be justified in failing to enforce, in an evenhanded fashion, its own Rules. At this point, the Court deems it improper to again refrain from applying a Rule counsel has systematically chosen to ignore.

In support of their summary judgment motion, the City has demonstrated that the Westchester County District Attorney's Office, not the City, makes the determination whether there is legally sufficient evidence to permit a case to proceed to the grand jury. The Westchester County Assistant District Attorney assigned to the Fernandez investigation was Barbara Egenhauser. During the course of Egenhauser's investigation, the City did not refuse to hand over any documents. Further, neither Idoni nor Quash had any role in the investigation and presentment of the Lucchese and DeLeno matters to the grand jury, nor were they called to the grand jury. Police Commissioner Carroll had no role in the investigation and did not attempt to influence Egenhauser. Further, Robert DeLeno and Capio did not attempt to influence Egenhauser. Egenhauser believed that Robert DeLeno had made an oversight rather than committed perjury when he stated earlier that he had no notes from the investigation. Defense attorneys in the state criminal court proceeding acknowledged on the record that they too believed Robert DeLeno's note incident was an oversight. Egenhauser never received any information or evidence nor an allegation that Carroll, Idoni,

Quash, Capio or Robert DeLeno were motivated by actual malice towards Lucchese and DeLeno.

Furthermore, after the indictments, DeLeno's defense attorney moved for omnibus relief before the state court which conducted an *in camera* review of the grand jury minutes and determined that the evidence on which the indictment was predicated was legally sufficient and established every element of the offenses charged. *People v. Lucchese and DeLeno,* Indictment No. 95–1147–01, Jan. 10, 1996. The third-party plaintiffs have made no showing that that determination is not entitled to full faith and credit here. *See* 28 U.S.C. § 1738; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Thus, the undisputed record in this case demonstrates, as discussed below, that the indictment and prosecution of Lucchese and DeLeno were not infected with any constitutional infirmities.

## DISCUSSION

*I Malicious Prosecution and False Arrest*

 Even if third-party plaintiffs Rule 56.1 Statement were not deficient, the record herein demonstrates that their claims have no merit. The elements of malicious prosecution are:[5] (1) the defendant commenced or continued a criminal proceeding against plaintiff, (2) the proceeding terminated in plaintiff's favor, (3) there was no probable cause for the criminal proceeding, and (4) the defendant initiated the criminal proceeding out of malice. *Collom v. Incorporated Village of Freeport,* 691 F.Supp. 637, 640 (E.D.N.Y.1988).

---

**5.** The elements of claims of false arrest and malicious prosecution are substantially the same whether brought under § 1983 or New York law. *See Hygh v. Jacobs,* 961 F.2d 359, 366 (2d Cir.1992).

In New York, the fact that the grand jury returned an indictment against Lucchese and DeLeno creates a presumption that their arrest and indictment were procured with probable cause. *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir.1994) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 468 N.Y.S.2d 453, 456, 455 N.E.2d 1248 (1983)). To rebut this presumption, the plaintiff " 'must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.' " *Id.*, (quoting *Colon*, 468 N.Y.S.2d at 456, 455 N.E.2d 1248). To survive a motion for summary judgment, plaintiff must present admissible facts and may not rely on bare allegations of facts, ultimate or conclusory facts, or legal conclusions. *See, e.g., Bell-South Telecomm., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir.1996). Here, the plaintiffs have adduced no admissible evidence of fraud, perjury, suppression of evidence or any other bad faith conduct which would permit an inference that the indictment was improperly obtained. Thus, the fact that an indictment was returned against Lucchese and DeLeno, with no sufficient showing of bad faith, indicates that there was probable cause for the criminal proceeding and that the malicious prosecution claim fails. Accordingly, the individual defendants' motion for summary judgment on the malicious prosecution claim is granted.

■ In order to make out a claim for false arrest, a plaintiff must demonstrate: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995). A finding of probable cause, however, will defeat a claim for false arrest. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996); *Zanghi v. Incorporated Village of Old Brookville*, 752 F.2d 42, 45 (2d Cir.1985) ("It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution."). "If there existed probable cause at the time of the arrest, the arrest is 'privileged,' and the individual has no constitutional or statutory claim against the officer who made the arrest." *Decker v. Campus*, 981 F.Supp. 851, 856 (S.D.N.Y.1997). The validity of an arrest does not depend upon an ultimate finding of guilt or innocence. *Haussman v. E.S. Fergus*, 894 F.Supp. 142, 147 (S.D.N.Y.1995) (citing *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)).

■ Here, the arrest warrants were issued only after the indictments were returned. Since the third-party plaintiffs have presented no evidence that the grand jury was tainted by misconduct, the third-party plaintiffs' claim for false arrest fails because any confinement was privileged due to an " 'arrest under a valid process issued by a court having jurisdiction.' " *Broughton v. State of New York*, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 94, 335 N.E.2d 310 (1975) (quoting Restatement 2d, Torts, § 35, comment a; Prosser, Torts [4th ed], § 11). The individual defendants' motion for summary judgment on the false arrest claims is granted.

■ The City is also entitled to summary judgment on the third-party plaintiffs' malicious prosecution and false arrest claims. In order to hold a municipality liable for the actions of its employees, the third party plaintiffs were required to prove that the actions resulted from a municipal custom or policy. *See Monell v. Department of Social Services*, 436 U.S. 658, 691–694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, the third party plaintiffs have failed to adduce any evidence that their arrest or prosecution was the result of a City policy or practice. Accordingly, the City's motion for summary judgment on the false arrest and malicious prosecution claims is granted.

## II Equal Protection

 The Equal Protection Clause of the Fourteenth Amendment directs, in essence, that similarly situated persons should be treated alike. *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To establish an equal protection violation, plaintiffs must prove purposeful discrimination, *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), directed at an identifiable or suspect class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995). Further, "it is axiomatic that plaintiff must allege that similarly situated persons were treated differently." *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir.1994). Also, to impose liability against a municipal defendant under § 1983, a plaintiff must show that the alleged violation resulted from an official policy, custom or practice. *Monell*, 436 U.S. at 690–691, 98 S.Ct. 2018.

 In cross-claims four and eight, the third-party plaintiffs appear to claim that, because of their status as white males, they were subject to adverse and disparate treatment by the City. They have failed, however, to adduce any admissible evidence of disparate treatment or point to any similarly situated persons that were treated differently. *See Chimurenga v. City of New York*, 45 F.Supp.2d 337, 339–40 (S.D.N.Y.1999) (granting summary judgment on equal protection claim when plaintiff failed to submit any admissible evidence of disparate treatment). Conclusory allegations of discrimination do not satisfy Rule 56(e)'s requirements. *Meiri v. Dacon*, 759 F.2d 989, 998 (1985) (upholding grant of summary judgment against Title VII claim). Therefore, the City is granted summary judgment on third-party plaintiffs' equal protection claims.

## III State Law Claims

 The third-party plaintiffs' sixth cross-claim against the City alleges that the City arbitrarily and capriciously denied their request for their attorneys' fees and for indemnification under New York State Public Officers Law § 18. Under this law, a public entity "shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties." N.Y.PUB.OFF. LAW § 18(3)(a).

The third-party plaintiffs' papers in opposition to summary judgment fail to address this particular part of the City's motion for summary judgment. In any event, the third-party plaintiffs' cross-claim complaint seems to contend that because Fernandez alleges that Lucchese and DeLeno, "acting individually and through their employers" inflicted the alleged sexual assault, the City cannot decline to pay for their defense and indemnify them in case of a plaintiff's verdict with damages.

 An employer is vicariously liable for acts committed by an employee acting within the scope of his employment. Moreover, an employee acts within the scope of his employment so long as he is discharging his duties to the employer, "no matter how irregularly, or with what disregard of instructions." *Riviello v. Waldron*, 47 N.Y.2d 297, 418 N.Y.S.2d 300, 302, 391 N.E.2d 1278, (1979). However, an employer is not liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business. *See Heindel v. Bowery Savings Bank*, 138 A.D.2d 787, 525 N.Y.S.2d 428, 428–29 (3d Dep't 1988) (mall held not liable for mall security guard's rape of a female customer because acts were committed for personal motives and a complete departure from normal duties as a security guard).

 Lucchese and DeLeno are alleged to have raped and sodomized Fernandez. The third-party plaintiffs' amended complaint states that they were off-duty when the consensual sexual activity occurred.

"It is well established that as a matter of law, an employer is not vicariously liable for an employee's sexual assault of another." *Wahlstrom v. Metro–North Commuter R.R.,* 1998 WL 196236, at * 2 (S.D.N.Y. April 23, 1998) (citing *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir.1995) (As a matter of law, employer could not be held liable under New York law for male employees' sexual assaults upon female employee and ensuing emotional distress, as alleged assaults were not in furtherance of employer's business and were a complete departure from the normal duties of company employees)). Because the alleged sexual assault was outside the scope of employment the City's denial of attorneys' fees and indemnification will not be disturbed. *See Wahlstrom,* 1998 WL 196236, at * 2 (denying railroad employee's request under § 18 for defense funds because employee's alleged sexual assault on the train of another railroad employee was not within the scope of employment under New York law). Since it is well established that under New York law, the sexual misconduct alleged is outside the scope of employment for purposes of § 18, summary judgment on this claim is granted. *See Wahlstrom,* 1998 WL 196236, at * 2 (citing cases).

■ The remaining state law claim (cross-claim nine) alleges a violation of Article 6–A of the New York State Public Officers Law, known as the Personal Privacy Protection Law (the "PPPL"). The purpose of this law includes establishing standards regarding information that state agencies can collect and maintain on individuals, providing individuals the right to access and correct their records, and prohibiting disclosure of personal information except under specified circumstances. *See* N.Y.PUB.OFF.LAW §§ 94–97. Lucchese and DeLeno claim that the PPPL was violated because of an alleged dissemination of their home residences via a press release. The City claims that the PPPL was not violated because § 96(1)(*l*) exempts from protection material which is

released "for inclusion in a public safety agency record" and Lucchese and DeLeno's home addresses were only released as part of the official record of their arrest. Since this showing has not been controverted, summary judgment is granted.

### CONCLUSION

For the reasons stated above, the motion for summary judgment pursuant to Fed.R.Civ.P. Rule 56 is granted. The Clerk of the Clerk is directed to enter judgment for the individual defendants on the first claim in the First Amended Third–Party Complaint. The Clerk of the Clerk is directed to enter judgment for the cross-claim defendant City of New Rochelle on cross-claims three, four, six, eight and nine. Consistent with the representations made in the third-party plaintiffs' Memorandum of Law of February 4, 1999, that cross-claims one, two, five, seven have been withdrawn against the City, they are dismissed. All parties shall file trial materials in accordance with this Court's rules by June 11, 1999, and appear for a final pre-trial conference on June 22, 1999, at 9:00 a.m. Counsel shall appear for jury selection on July 6, 1999, at 9:30 a.m. before the Honorable George A. Yanthis, U.S.M.J.