■ AMBY MARTINEZ, Respondent, v TRIANGLE MAINTENANCE CORPORATION et al., Defendants, and TRIANGLE SERVICES, INC., et al., Appellants. [741 NYS2d 427] —In an action, inter alia, to recover damages for sexual and religious harassment, the defendants Triangle Services, Inc., Triangle Aviation Services, Inc., and Nazir Parvaiz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated May 21, 2001, as denied the motion by Triangle Services, Inc., Nazir Parvaiz, and Vincent Siena for summary judgment dismissing the causes of action pursuant to Executive Law § 296 insofar as asserted against them.

Ordered that the appeal by the defendant Triangle Aviation Services, Inc., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the part of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Triangle Services, Inc., and Nazir Parvaiz, on the law, with costs, and those branches of the motion which were for partial summary judgment dismissing the causes of

action pursuant to Executive Law § 296 *et seq.* insofar as asserted against those appellants are granted.

Contrary to the plaintiff's contention, the defendants Triangle Services, Inc., and Nazir Parvaiz (hereinafter the defendants) acted appropriately when confronted with her complaints of sexual and religious harassment. There is no evidence that the defendants encouraged, condoned, or approved the alleged conduct (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687; *Hendricks v 333 Bayville Ave. Rest. Corp.,* 260 AD2d 545, 546). Further, the defendants established that they took appropriate remedial action, especially in light of the plaintiff's lack of cooperation in their attempts to investigate her complaints (*see Hendricks v 333 Bayville Ave. Rest. Corp., supra; Spoon v American Agriculturalist,* 120 AD2d 857). Additionally, since the plaintiff failed to demonstrate that the temporary change in her duties was disadvantageous to her (*see Pace v Ogden Servs. Corp.,* 257 AD2d 101; *cf. Matter of Electchester Hous. Project v Rosa,* 225 AD2d 772) or that the restriction on her entry into the warehouse was based on a "subjective retaliatory motive" (*Matter of Pace Univ. v New York City Commn. on Human Rights,* 85 NY2d 125, 128), the cause of action based on retaliatory action (*see* Executive Law § 296 [7]) should also have been dismissed. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.