■ THOMAS ROMNEY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [742 NYS2d 651] —In an action, inter alia, to recover damages for discrimination based on race pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Bruno, J.), entered April 20, 2001, as, upon an order of the same court, dated March 24, 2000, granting that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, is in favor of the defendant and against him dismissing that cause of action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing so much of the first cause of action as sought to recover damages based on alleged retaliation resulting from charges the plaintiff filed with the Federal Equal Employment Opportunity Commission; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the order dated March 24, 2000, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages based on alleged retaliation resulting from charges the plaintiff filed with the Federal Equal Employment Opportunity Commission.

In April 1990, the plaintiff, a black male, filed charges of

employment discrimination based on race, sex, and age against the defendant with the Federal Equal Employment Opportunity Commission (hereinafter the EEOC). He claimed, inter alia, that he was denied equal terms and conditions of employment in that he was denied training, staff, appropriate equipment, and a promotion, and was required to work longer hours and paid a lower salary than his white counterparts. In June 1991, the EEOC issued a final determination dismissing the charges and notifying the plaintiff of his right to sue "within 90 days from the receipt of this determination; otherwise the right to sue is lost" (hereinafter the June 1991 right to sue letter).

Meanwhile, in March 1991, the plaintiff filed another charge with the EEOC alleging retaliation as a result of the charges he filed in April 1990.

In February 1992, the plaintiff commenced this action against the defendant, alleging discrimination based on race. In his first cause of action, the only cause of action at issue on this appeal, the plaintiff alleged that the defendant violated Title VII of the Civil Rights Act of 1964 (*see* 42 USC § 2000e-2 *et seq.*). He claimed that he was denied equal terms, conditions, and privileges of employment, the specific allegations of which were the same as those he asserted in his April 1990 filing with the EEOC. The plaintiff further alleged, as he did in his March 1991 filing with the EEOC, that he was suspended and constructively discharged in retaliation for filing the April 1990 charges.

The defendant moved for summary judgment dismissing the complaint, contending, among other things, that the action was time barred and that there was no merit to the plaintiff's allegations of discrimination. With respect to the plaintiff's Title VII cause of action, the defendant contended that the claims arising from the April 1990 charges filed with the EEOC must be dismissed because the plaintiff failed to commence this action within 90 days of his receipt of the June 1991 right to sue letter. The Supreme Court granted the motion, concluding, sua sponte, that the plaintiff was barred from proceeding in state court because, at the time he filed his complaint with the EEOC, such a filing was considered an election of remedies.

Contrary to the Supreme Court's conclusion, the plaintiff is not barred from pursuing his Title VII cause of action because he initially proceeded administratively. In fact, the filing of charges with the EEOC is a condition precedent to the commencement of a Title VII action (*see* 42 USC § 2000e-5 [f] [1]; *Cornwell v Robinson,* 23 F3d 694, 706). Nevertheless, that por-

tion of the plaintiff's Title VII cause of action which is based on the charges filed with the EEOC in April 1990 must be dismissed because, as to those claims, the plaintiff failed to commence this action within 90 days of receipt of the June 1991 right to sue letter (*see* 42 USC § 2000e-5 [f] [1]; *Baldwin County Welcome Ctr. v Brown,* 466 US 147, *reh denied* 467 US 1231; *South v Saab Cars USA,* 28 F3d 9).

The defendant did not demonstrate that the portion of the Title VII cause of action based on the plaintiff's March 1991 filing with the EEOC alleging retaliation was untimely commenced. The defendant did, however, contend that there was no merit to the plaintiff's allegations of retaliation. Because the Supreme Court did not consider that contention, we remit the matter for determination of that branch of the defendant's motion on the merits. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.