■ THOMAS ROMNEY, Appellant, v NEW YORK CITY TRANSIT
AUTHORITY, Respondent. [777 NYS2d 324]—

In an action, inter alia, to recover damages for discrimination
based on race pursuant to, among other things, Title VII of the
Civil Rights Act of 1964, the plaintiff appeals, as limited by his
brief, from so much of an order of the Supreme Court, Kings
County (Bruno, J.), dated December 24, 2002, as granted that
branch of the defendant's cross motion which was for summary
judgment dismissing so much of the first cause of action as
sought to recover damages for retaliation against the plaintiff
for filing charges with the Equal Employment Opportunity
Commission.

Ordered that the order is affirmed insofar as appealed from,
with costs.

In a prior appeal from so much of an order of the Supreme
Court, Kings County, as dismissed the plaintiff's first cause of
action on procedural grounds, this Court reinstated so much of
the first cause of action as sought to recover damages for retali-
ation against the plaintiff for filing charges with the Equal
Employment Opportunity Commission (hereinafter the EEOC)
on April 3, 1990, alleging, inter alia, race discrimination (*see
Romney v New York City Tr. Auth.,* 294 AD2d 481 [2002]). We
reinstated the claim and remitted the matter to the Supreme
Court, Kings County, for a determination on the merits of that
branch of the defendant's cross motion which was for summary
judgment dismissing that claim. Upon remittitur, the Supreme
Court granted that branch of the cross motion.

To establish a prima facie case of retaliation, a plaintiff must
demonstrate that (1) he or she was engaged in a protected activ-
ity, (2) the employer was aware of the activity, (3) he or she suf-
fered an adverse employment action, and (4) there was a causal
connection between the protected activity and the adverse ac-
tion (*see Distasio v Perkin Elmer Corp.,* 157 F3d 55, 66 [1998];
*Hernandez v Bankers Trust Co.,* 5 AD3d 146 [2004]; *Pace v
Ogden Servs. Corp.,* 257 AD2d 101, 104 [1999]). The Supreme

Court correctly concluded that there was no evidence that the plaintiff's employer knew of the April 1990 EEOC filing, and therefore, the required element of knowledge of the protected activity was lacking. Summary judgment is properly granted in a discrimination case where the defendant demonstrates "an absence of even a prima facie case" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Since the defendant demonstrated the "absence of even a prima facie case," the Supreme Court properly granted that branch of the cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for retaliation (*Ferrante v American Lung Assn., supra*; *Martinez v Triangle Maintenance Corp.*, 293 AD2d 721, 722 [2002]; *Pace v Ogden Servs. Corp., supra* at 105). Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.