Day v Summit Sec. Servs. Inc. (2018 NY Slip Op 01994)





Day v Summit Sec. Servs. Inc.


2018 NY Slip Op 01994


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5921 450614/15

[*1]Dorlus Day, Plaintiff-Appellant,
v
Summit Security Services Inc., Defendant-Respondent, New York City Health and Hospitals Corporation, et al., Defendants.


Brooklyn Legal Services, Brooklyn (Nicole Salk of counsel), for appellant.
Jackson Lewis P.C., Melville (David S. Greenhaus of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 20, 2016, which, to the extent appealed from, granted defendant Summit Security Services Inc.'s motion to dismiss the complaint as against it, unanimously affirmed, without costs.
Defendant New York City Health and Hospitals Corporation (HHC) had a security services contract with nonparty Paramount Security Services. Plaintiff was employed by Paramount as a security guard at two buildings housing HHC offices. When plaintiff suspected that Paramount was not paying him the prevailing wage, he voiced his concerns to his supervisor at HHC, and filed a prevailing wage complaint against Paramount with the New York City Comptroller's Office. HHC subsequently transferred its security services contract from Paramount to defendant Summit Security Services Inc., and Summit became plaintiff's new employer. Plaintiff alleges that Summit improperly disciplined him for a series of minor infractions, and subsequently terminated his employment at HHC's request.
Plaintiff brought this action pursuant to Labor Law § 215 alleging that he was subjected to adverse employment action in retaliation for filing the wage complaint. In order to make out a claim for unlawful retaliation, a plaintiff must show, inter alia, that the employer was aware that the plaintiff had participated in a protected activity (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Asabor v Archdiocese of N.Y., 102 AD3d 524, 528 [1st Dept 2013]). Here, as plaintiff concedes, the complaint in this action contains no facts to suggest that Summit, or any of its employees, had any knowledge of plaintiff's prior complaint about Paramount's failure to pay the prevailing wage. Plaintiff's attempt to establish knowledge based on an agency theory is unpersuasive. Accordingly, the complaint fails to state a cause of action for retaliation as against Summit (see Romney v New York City Tr. Auth., 8 AD3d 254, 254-255 [2d Dept 2004] [*2][dismissing retaliation claim because the required element of knowledge of the protected activity was lacking]).
In light of our disposition, we need not reach Summit's alternative ground for affirmance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK