EN v Saint Joseph's Med. Ctr. (2025 NY Slip Op 51337(U))

[*1]

EN v Saint Joseph's Med. Ctr.

2025 NY Slip Op 51337(U)

Decided on June 13, 2025

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2025
Supreme Court, Richmond County

EN, Plaintiff,

against
Saint Joseph's Medical Center, ST. VINCENTS HOSPITAL OF WESTCHESTER, ST. VINCENTS CATHOLIC MEDICAL CENTER OF NEW YORK, 
 JOHN DOE, WO COORPORATION, Defendant.

Index No. 151751/2023

Attorney for the Plaintiff
Antigone Curis
Curis Law, PLLC 
52 Duane Street, 7th Floor
New York, NY 10007 
Phone: (646) 335-7220 
E-mail: [email protected]
Attorney for Defendants Saint Joseph's 
Ziwei Wang 
Voute, Lohrfink, Mcandrew & Meisner, LLP 
170 Hamilton Avenue Suite 315
White Plains, NY 10601 
Phone: (914) 946-1400 
E-mail: [email protected]
Attorney for Defendant Wecan
Lawrence R. Sykes 
Lawrence R Sykes Attorney at Law 
4 Delavan Ter
Yonkers, NY 10703 
Phone: (914) 423-7075 
E-mail: [email protected] 

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion #001) numbered 42-56, 68-72, 74; and (Motion #002) numbered 57-67, 73, 75-76 were read on this motion.
Upon the foregoing documents, on Motion Sequence #001 and Motion Sequence #002, Motion Sequence #001 and Motion Sequence #002 are resolved and therefore, it is hereby,
ORDERED, that Defendant St. Joseph's Motion Sequence No. 001 for summary judgment pursuant to CPLR § 3212 as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York and dismissal of Plaintiff's Complaint and all claims as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York is GRANTED in its entirety with prejudice; and it is further,
ORDERED, that Defendant WO Corporation's Motion Sequence No. 002 for summary judgment pursuant to CPLR § 3212 as to Defendant WO Corporation and dismissal of Plaintiff's Complaint and all claims as to Defendant WO Corporation is GRANTED in its entirety with prejudice.; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
On or about September 25, 2023, Plaintiff, who alleges she was sexually abused by Defendant John Doe, commenced action pursuant to the Adult Survivors Act (ASA). Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York (St. Joseph) filed Motion Sequence #001 by Notice of Motion on April 15, 2025, seeking (a) summary judgment pursuant to CPLR § 3212 as to Defendants St. Joseph and dismissal of Plaintiff's Complaint and all claims with prejudice; and (b) such other and further relief as to this Court may seem just and proper.
On May 21, 2025, Plaintiff filled opposition to Motion Sequence No. 001. On May 28, 2025, Defendants St. Joseph filed reply. Parties waived oral argument on the record and Motion Sequence No. 001 was accepted on submission.
On May 2, 2025, Defendant WO Corporation (WO) filed Motion Sequence No. 002 by Notice of Motion seeking summary judgment pursuant to CPLR § 3212 as to Defendant WO and dismissal of Plaintiff's Complaint and all claims with prejudice. On May 21, 2025, Plaintiff filed opposition to Motion Sequence No. 002. WO filed reply on Motion Sequence No. 002 on May 28, 2025. Parties waived oral argument on the record and Motion Sequence No. 002 was accepted on [*2]submission.

II. Facts
This action stems from Plaintiff's allegation that on November 18, 2020, she had unwanted physical contact by RA, herein after referred to as RA, a driver for a car service named WO Corporation a co-defendant in this action. WO was one of several car services that transported up to 120 daily clients to and from a program at Saint Joseph's in Staten Island. Plaintiff attended the program beginning in 2018, Monday through Friday from morning through the afternoon. Plaintiff used WO as a car service to take her to and from the program daily.
WO would receive their pick-up and drop off assignments through Medicaid's electronic system and WO would bill Medicaid for these services. Other program clients would use WO, other car services or take public transportation.
St. Joseph's would at the patient's request contact cab companies for transportation of the patient or if the patient had come with a cab that they were already connected with contact that cab company for the patient. (NY St Cts Filing [NYSCEF] Doc No. 48 at pages 56). DS, who was a program director for St. Joseph's, testified that Plaintiff was advised at the time of the incident that the cab company was not related to St. Joseph's. (see id at page 37). DS further testified that when Plaintiff made her allegation, the program prohibited that driver from being used. (see id page at 42; 45). DS contended that program staff's contact with cab drivers was limited to receiving a call from them that a patient's cab had arrived. (see id at page 48).
RA, the party Plaintiff accuses of unwanted physical contact, was at the time of the incident, an employee of WO, an independent car service. The owner of WO is the father of RA and his direct supervisor. (NY St Cts Filing [NYSCEF] Doc No. 50 at pages 14-16). RA admitted that he fondled Plaintiff's breasts and was reprimanded in the form of a brief suspension. (see id at pages 19-20).
RA contends that he was unaware if WO had sexual abuse prevention policies in 2020. (see id at page 26). RA further contends that he did not undergo any sex abuse prevention training with WO in 2020 and did not know if WO had a responsibility to keep its passengers safe from sexual abuse. (see id at pages 26-27).
RA testified his contact with St. Joseph's was limited to receiving a call that passenger was done for the day and ready to be picked up. (see id at page 25). RA further testified that WO has customers going to locations other than at St. Joseph's. (see id at pages 55-56). RA maintained that WO does not bill St. Joseph's but bills the client or Medicaid. (see id at page 57).
GA, hereinafter referred to as GA, the Bronx based owner of WO and father of RA, testified that WO picked up passengers from St. Joseph's. GA testified that when he was made aware of the allegations against RA he had him stay home for two days and then reassigned him to the Bronx. (NY St Cts Filing [NYSCEF] Doc No. 51 at pages 13-14). GA contends that WO did have sexual abuse prevention policies for their drivers in 2020 and they had a Medicaid compliant sexual abuse prevention plan that accompanied driver training. (see id at page 16). WO's driver training also had a sexual abuse a video training which every driver must pass before they were allowed to work. (see id).
AD, an employee of Bronxwood Transportation, which is the same company as WO (NY St Cts Filing [NYSCEF] Doc No. 52 page 10, lines 20-22), testified that he was the senior person in Staten Island and was responsible for training and telling drivers who to pick up. (see id at page 13, lines 14-20). AD testified that part of his job was to obtain the list for passengers for the day and [*3]distribute the names for that day to the various drivers. (see id at Pages 19, lines 22-25). This list was provided by the base. (see id at page 20, lines 5-9).
At some point, St. Joseph contacted AD and made him aware of the allegations made by the Plaintiff and that RA was not to return to St. Joseph's. (see id at page 21, lines 4-9). AD testified that after this conversation, he advised his boss GA. (see id at page 22, lines 15-22). AD further testified that he was unaware if WO did anything to keep their passengers safe from sexual abuse in November of 2020. (see id at page 27).
AD clarified that the list of passengers that needed pick up, was provided to him by electronic means from Medical Answering Services and he was unaware from where they obtained the list. (see id at pages 30-31). AD was aware that arrangements for car service was made by both patients and Medicaid. (see id at page 31, lines 19-22). AD contended that St. Joseph's used multiple car services and WO was not an exclusive provider to St. Joseph's patients. (see id at page 31-32).

III. Discussion
"Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (see Andre v. Pomeroy, 35 NY2d 361 [1974] citing Millerton Agway Cooperative, Inc. v. Briarcliff Farms, Inc., 17 NY2d 57 [1966]).
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986] citing Winegrad v NY Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v New York, 49 NY2d 557 [1980]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; see also St. Claire v Empire Gen. Contr. & Painting Corp., 33 AD3d 611 [2d Dept 2006]; Chini v Chini, 189 AD3d 986 [2d Dept 2020]; Solis v Aguilar, 206 AD3d 684 [2d Dept 2022]).
"On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (see Shabat v State of New York, 177 AD3d 1009 [2d Dept, 2019] quoting Vega v Restani Constr. Corp., 18 NY3d 499 [2012]; Ortiz v. Varsity Holdings, LLC, 18 NY3d 335 [2011]).
A. Defendant St. Joseph's
RA, a driver for WO, was not employed by St. Joseph's and, as such, St. Joseph's was not responsible for his conduct. St. Joseph's did not hire, train or supervise him. "[T]he imposition of liability under the doctrine of respondeat superior requires, at minimum, an existing relationship between the employer and the third person who committed the tortious act" (see Loucks v. Community Home Care Servs., 209 AD2d 484 [2d Dept 1994] citing D'Amico v. Christie, 71 NY2d 76 [1987]; Patricia B. v Brown, 149 AD2d 450 [2d Dept 1989]; Bell v Perrino, 112 AD2d 124 [2d Dept 1985]).
There were no contracts or agreements between St. Joseph's and WO and WO billed its services to the clients' Medicaid. (NY St Cts Filing [NYSCEF] Doc No. 53). WO was not the sole provider of car service to the St. Joseph clients.
Accordingly, Defendant St. Joseph's Motion Sequence No. 001 for summary judgment pursuant to CPLR § 3212 as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of [*4]Westchester, St. Vincent's Catholic Medical Center of New York and dismissal of Plaintiff's Complaint and all claims as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York is GRANTED in its entirety with prejudice.
B. Defendant WO
"An employer is vicariously liable, under the theory of respondeat superior, for the torts of its employee, if the actions complained of were committed while the employee was acting within the scope of his employment, even if the acts are done irregularly, or in disregard of instruction" (see Manno v Mione, 249 AD2d 372 [2d Dept 1998] citing Riviello v Waldron, 47 NY2d 297 [1979]).
"Nevertheless, there is no respondeat superior liability for torts committed by an employee solely for personal motives unrelated to the furtherance of the employer's business" (see id citing Kirkman by Kirkman v Astoria Gen. Hosp., 204 AD2d 401 [2d Dept 1994]; Horowitz v Sears, Roebuck & Co., 137 AD2d 492 [2d Dept 1988]).
The Second Department has held that an employer could not be held vicariously liable for the sexual assault allegedly committed by its employee, as the underlying act was not within the scope of their employment but was clearly committed for personal motives unrelated to the employer's business. (see Hendricks v 333 Bayville Ave. Restaurant Corp., 260 AD2d 545 [2d Dept 1999] citing Adams v New York City Transit Auth., 88 NY2d 116 [1996]; Kirkman by Kirkman v Astoria Gen. Hosp., 204 AD2d 401 [2d Dept 1994]; Heindel v Bowery Sav. Bank, 138 AD2d 787 [3d Dept 1988]).
"An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment" (see Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033 [2d Dept 2007] quoting Davis v Larhette, 39 AD3d 693 [2d Dept 2007]; citing Smith v Midwood Realty Assocs., 289 AD2d 391 [2d Dept 2001]).
"While such vicarious liability does not arise from acts that are committed for the employee's personal motives unrelated to the furtherance of the employer's business (see N. X. v Cabrini Med. Ctr., 97 NY2d 247 [2002], supra), those acts which the employer could reasonably have foreseen are within the scope of the employment and thus give rise to liability under the doctrine of respondeat superior" (see Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033 [2d Dept 2007] citing Riviello v Waldron, 47 NY2d 297 [1979]).
"[T]he employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634 [2d Dept 2018] citing Chichester v Wallace, 150 AD3d 1073 [2d Dept 2017]; Kenneth R. v. Roman Catholic Diocese, 229 AD2d 159 [2d Dept 1997]).
"[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (see id quoting Kenneth R. v. Roman Catholic Diocese, 229 AD2d 159 [2d Dept 1997]; citing Detone v. Bullit Courier Service, Inc., 140 AD2d 278 [1st Dept 1988]).
"The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention' of the employee" (see id quoting Sandra M. v. St. Luke's Roosevelt Hosp. Ctr., 33 AD3d 875 [2d Dept 2006] quoting Detone v Bullit Courier Service, Inc., 140 AD2d 278 [1st Dept 1988]).
RA began working with WO sometime in October of 2018 (NY St Cts Filing [NYSCEF] Doc No. 50 page 12, line 17 to page 13, line 6). GA testified that WO had sexual abuse prevention policies for their drivers in 2020 and a Medicaid compliant sexual abuse prevention plan that accompanied driver training. (NY St Cts Filing [NYSCEF] Doc No. 51 at page 16). GA further testified that WO's driver training also had a sexual abuse a video training which every driver must pass before they were allowed to work. (see id).
No credible evidence has been presented that WO knew or should have known of RA's alleged propensity for the conduct which caused the Plaintiff's injury. Plaintiff testified that the police informed her that RA had no criminal record (NY St Cts Filing [NYSCEF] Doc No. 47 at pages 114-115). RA testified that no criminal record nor any allegations against him. (NY St Cts Filing [NYSCEF] Doc No. 50 at page 26, lines 3-12). GA testified that RA had no criminal record nor any allegations against RA concerning unwanted physical contact. (NY St Cts Filing [NYSCEF] Doc No. 51 at page 26).
Accordingly, Defendant WO's Motion Sequence No. 002 for summary judgment pursuant to CPLR § 3212 as to Defendant WO Corporation and dismissal of Plaintiff's Complaint and all claims as to Defendant WO Corporation is GRANTED in its entirety with prejudice.

VI. Decretal Paragraphs

It is hereby ORDERED that Defendant St. Joseph's Motion Sequence No. 001 for summary judgment pursuant to CPLR § 3212 as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York and dismissal of Plaintiff's Complaint and all claims as to Defendants Saint Joseph's Medical Center, St. Vincent's Hospital of Westchester, St. Vincent's Catholic Medical Center of New York is GRANTED in its entirety with prejudice; and it is further,
ORDERED, that Defendant WO Corporation's Motion Sequence No. 002 for summary judgment pursuant to CPLR § 3212 as to Defendant WO Corporation and dismissal of Plaintiff's Complaint and all claims as to Defendant WO Corporation is GRANTED in its entirety with prejudice.; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: June 13, 2025
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT