■ In the Matter of the Estate of RICHARD J. WELSH, Deceased. WILLIAM WELSH, as Executor of RICHARD J. WELSH, Deceased, Respondent-Appellant; CHARLES A. BROCKMILLER, as Executor of DOROTHY WELSH, Deceased, Appellant-Respondent. In the Matter of the Estate of RICHARD J. WELSH, Deceased. WILLIAM WELSH, as Executor of RICHARD J. WELSH, Deceased, Appellant; CHARLES A. BROCKMILLER, as Executor of DOROTHY WELSH, Deceased, Respondent.— In separate proceedings (1) by William Welsh, as executor of the estate of Richard J. Welsh, etc., deceased, to judicially settle his account as such executor, and (2) by Charles A. Brockmiller, as executor of the estate of Dorothy Welsh, deceased, to remove said William Welsh as such executor, the parties cross-appeal as follows: 1. Brockmiller appeals from so much of an order of the Surrogate's Court, Nassau County, entered November 10, 1964 upon reargument, as denies his motion to examine Welsh's accountant and attorney as witnesses in the

accounting proceeding. 2. Welsh appeals from so much of said order (a) as denies his cross motion to prohibit examination of his accountant and attorney as witnesses in the removal proceeding, and (b) as denies his cross motion to strike out the testimony given by himself, his accountant and his attorney in all examinations in both proceedings. 3. Welsh also appeals from an order of said court, entered November 16, 1964, which directed his examination on fixed dates. Order entered November 10, 1964, insofar as it denies Brockmiller's motion to examine the said accountant and attorney as witnesses in the accounting proceeding, reversed, without costs, and motion granted. The examination of these witnesses in the accounting proceeding shall take place at the same time as their examination in the removal proceeding. Appeals by Welsh dismissed, with one bill of $10 costs and disubrsements, payable by him personally. It appears that Brockmiller obtained an order to examine Welsh, the accounting executor, under section 263 of the Surrogate's Court Act. The order was affirmed on appeal (*Matter of Welsh*, 20 A D 2d 853). Upon the examination Welsh professed ignorance of a number of important matters relating to his administration of the estate, including the name of the bank in which the estate maintained its checking account. Welsh repeatedly advised the examiner that his accountant, or in some cases his lawyer, could answer but that he himself could not. His counsel at the examination agreed that these two witnesses would be made available for examination and that their answers would be binding on Welsh. These witnesses appeared for examination and testified, but they were not produced for adjourned dates and Brockmiller sought an order to examine them and Welsh on specified days. The court granted the motion insofar as it related to the proceeding to remove Welsh (which has been initiated by Brockmiller and in which an answer had been served). The court denied the motion to examine the two witnesses in the accounting proceeding on the ground that no objections had been filed. The learned Surrogate recognized that CPLR 3106 (subd. [a]) permits pretrial examinations prior to the joinder of issue, but he was of the opinion that this rule should not extend to accounting proceedings in the Surrogate's Court because it would encourage "fishing expeditions" when the issues had not been narrowed by the filing of objections. However well founded the reservations entertained by the learned Surrogate may be, we believe they must yield to the policy of full disclosure enunciated in the CPLR as well as in recent cases (see CPLR 3101; *Marie Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div. 11, 13–14; *Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430, 434). In the event overzealous litigants construe this policy as an opportunity for a "fishing expedition", the statute (CPLR 3103) provides for the granting of protective orders. We note that in the present case the record does not suggest that Brockmiller is abusing the disclosure provisions of the CPLR, but rather that he is trying to determine whether Welsh has properly administered an estate of several million dollars consisting largely of assets and corporations in which Welsh claims a one-half interest as a partner of the decedent Richard J. Welsh. Under such circumstances, an examination pursuant to section 263 of the Surrogate's Court Act prior to the filing of objections is a proper method of conducting a preliminary investigation of the conduct of a fiduciary for the purpose of ascertaining the existence of merits upon which objections can be based (*Matter of Walzer*, 8 A D 2d 971). To hold that Brockmiller must file objections before he can ask those on whom Welsh relied for an explanation of what Welsh confesses he does not know would frustrate the purpose of section 263 of the Surrogate's Court Act and confer a boon on ignorance and intransigence. Entirely apart from the considerations of general policy favoring full disclosure, such a resolution of the problem here posed is to be avoided. Welsh has failed

to appear or to submit a brief; he is therefore deemed to have abandoned his appeals. Ughetta, Acting P. J., Christ, Brennan. Hill and Hopkins, JJ., concur.