■ RICHARD L. GLACHMAN, Appellant-Respondent, v MELISSA PERLEN, Respondent-Appellant.—In an action pursuant to Civil Rights Law § 80-b for the return of gifts or the recovery of their value, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated July 1, 1988, as denied his motion for a protective order pursuant to CPLR 3103 (a); and the defendant cross-appeals from so much of the same order as denied her cross motion to compel the plaintiff to respond to certain questions at a scheduled examination before trial.

Ordered that the cross appeal by the defendant is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff, and the plaintiff's motion for a protective order is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The cross appeal taken as of right must be dismissed, as so much of an order as denied a cross motion to compel a party to respond to certain questions at an examination before trial is not appealable as of right (see, Sainz v New York City Health & Hosps. Corp., 106 AD2d 500). In any event, the cross appeal has been abandoned.

The plaintiff and the defendant met in 1980. Six years later after they became engaged to be married, the plaintiff gave the defendant a diamond ring and a gold Rolex watch. The engagement and wedding were eventually called off and the plaintiff commenced this action to recover those items that he allegedly gave to the defendant solely in contemplation of the parties' marriage.

By notice to take deposition upon oral examination, the defendant demanded, inter alia, that the plaintiff produce at his examination all documents referring or relating to his relationship with a woman named Tiffany. In response, the plaintiff moved for a protective order pursuant to CPLR 3103 (a), to strike from that notice the direction to produce all such documents.

Pursuant to CPLR 3101 (a) (1),

"[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by

"* * * a party". The words material and necessary are to be interpreted liberally to require disclosure upon request of any facts bearing on the controversy which will assist in the preparation for trial. The test is one of usefulness and reason

*(see, Wiseman v American Motors Sales Corp.,* 103 AD2d 230). However, "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]).

Under the circumstances herein, we find that the demand for all documents referring or relating to the plaintiff's relationship with Tiffany is premature and therefore the protective order should have been granted to prevent unreasonable annoyance, embarrassment and prejudice to all concerned parties *(see, Richards v Pathmark Food Store,* 112 AD2d 360, 361). We note that our decision does not preclude questioning at the plaintiff's examination before trial with respect to his relationship with Tiffany or any other similar relationships during the time period in question. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.