■ PARIMIST FUNDING CORP., Appellant-Respondent, v MAYER RYDZINSKI et al., Respondents-Appellants, and HOWARD LEBOWITZ et al., Appellants-Respondents. [627 NYS2d 95] —In an action to recover damages for breach of contract, the plaintiff and the counterclaim-defendants appeal from (1) so

much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered November 18, 1993, as denied that branch of their motion which was for a protective order striking interrogatory No. 1 of the defendants' first set of interrogatories, and (2) an order of the same court, entered May 5, 1994, which denied their motion for a stay pending appeal of the order entered November 18, 1993, and the defendants cross-appeal from so much of the order entered November 18, 1993, as limited the scope of interrogatory No. 1 and granted that branch of the plaintiff's motion which was for a protective order striking interrogatory No. 2.

Ordered that the order entered November 18, 1993, is reversed insofar as appealed from and the branch of the motion which is for a protective order striking interrogatory No. 1 of the defendants' first set of interrogatories is granted; and it is further,

Ordered that the order entered November 18, 1993, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appeal from the order entered May 5, 1994, is dismissed as academic; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The plaintiff, Parimist Funding Corp. (hereinafter Parimist), is a medical equipment leasing company. Between 1986 and 1987 Parimist entered into three equipment leases with the defendants, Mayer Rydzinski, P. C., Mayer Rydzinski, individually, and Joyce Rydzinski (hereinafter the defendants) pursuant to which it leased certain medical equipment to the defendants. Notwithstanding the fact that the leases state, *inter alia,* that the "lessee shall have no option to purchase or otherwise acquire title to or ownership of any of the equipment", and that any modifications to the lease must be in writing, the defendants allege that they were orally told by agents of Parimist that at the end of the lease term they would be able to purchase the leased equipment for the sum of one dollar. After the leases expired the defendants ceased payment and refused to return the equipment. Parimist commenced the instant lawsuit. The defendants counterclaimed against Howard Lebowitz, a sales representative of Parimist, and Richard V. Smith, Parimist's controller (hereinafter collectively the counterclaim-defendants).

During discovery the defendants served a set of two interrogatories upon Parimist and the counterclaim-defendants.

Interrogatory No. 1 sought the names and addresses of all lessees who had entered into similar leasing agreements with Parimist from June 1, 1986, to the present. Interrogatory No. 2 sought the names of all lending institutions to which Parimist had assigned its rights in the subject leases during the same period. Upon the motion of Parimist and the counterclaim-defendants to strike the interrogatories, the Supreme Court partially granted the motion with respect to interrogatory No. 1 by limiting the temporal scope of the disclosure, and struck interrogatory No. 2 in its entirety.

There is no indication that the defendants were given information which directly contradicted the written terms of the leases or that they were otherwise fraudulently induced into signing the leases (see generally, Dannan Realty Corp. v Harris, 5 NY2d 317; Citibank v Pullman, 190 AD2d 839). Under these circumstances, the defendants' attempt to discover the names of Parimist's other lessees is not "evidence [which is] material and necessary in the * * * defense of [the] action" (CPLR 3101). Thus the interrogatories constitute a "fishing expedition" by which the defendants seek to learn information which is beyond the scope of this breach of contract action (see, Matter of Welsh, 24 AD2d 986). Moreover, to compel Parimist to respond to interrogatory No. 1 would result in "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice", which should not be countenanced (see, Glachman v Perlen, 159 AD2d 552, 553).

Accordingly, the court should have stricken interrogatory No. 1 in its entirety (see, Jimmbo Corp. v Langtry Realty Corp., 120 AD2d 642). Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.