**Rachelle DEL CASTILLO, Plaintiff,**

v.

**PATHMARK STORES, INC., Defendant.**

**No. 95 Civ. 0642 (JSR).**

United States District Court,
S.D. New York.

Oct. 21, 1996.

---

438

Jonathan Lovett, Lovett & Gould by Craig Dickinson, White Plains, NY, for plaintiff.

Vedder Price Kaufman Kammholz & Day by Michael J. Crisafulli, New York City, Hal R. Crane, Pathmark Stores, Inc., Woodbridge, NJ, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

The Complaint herein raises claims of sexual harassment, hostile work environment, and unlawful retaliation, in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, and the New York Human Rights Law, N.Y.Exec.Law. § 290 *et seq.* After reviewing the parties' written submissions on defendant's motion for summary judgment, the Court heard oral argument on September 13, 1996, at which time the Court denied summary judgment on the sexual harassment claim, granted summary judgment on the hostile work environment claim, and requested further briefing on the unlawful retaliation claim. Having now considered these additional submissions, the Court grants summary judgment on the retaliation claim, for the reasons set forth below.

■ To make out her claim for unlawful retaliation, plaintiff must prove as a threshold matter that her employer took adverse employment action against her for activity that is legally protected under the laws here applicable.[1] *See Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1177–78 (2d Cir.1996); *Sumner v. United States Postal Serv.,* 899 F.2d 203, 208 (2d Cir.1990). While such protected activity sometimes consists of filing a lawsuit or formal complaint with an agency, *see Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 65 (2d Cir.1992), it may also take the form of less formal protests, such as making complaints to management, writing critical letters to customers, or expressing support of co-workers who have filed charges. *See Sumner,* 899 F.2d at 209. But even the broadest interpretation of a retaliation claim cannot encompass instances where the alleged "protected activity" consists simply of declining a harasser's sexual

---

1. Because the New York courts have consistently looked to federal case law in expounding the New York Human Rights Law, *see Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1177 (2d Cir. 1996) (citing *Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176 (2d Cir.), *cert. denied,* 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992)), the Court treats plaintiff's claims under Title VII and the New York Human Rights Law in tandem.

advances, which is all that is alleged here by way of "protected activity." If it were otherwise, every harassment claim would automatically state a retaliation claim as well.

Indeed, in this case, the merger of the two claims would be complete, for plaintiff further concedes that no one at Pathmark beyond the alleged harasser knew of plaintiff's alleged "protected activity" of refusing the harasser's sexual advances. Because an employee who sexually harasses a fellow employee would have no incentive to inform the employer of his actions, the knowledge of the harasser cannot fairly be imputed to his employer. *Cf. United States v. 141st St. Corp. by Hersh,* 911 F.2d 870, 876 (2d Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991) (knowledge of agent is not imputed to principal where agent acts adversely to interests of principal).

Here, the undisputed record is that defendant Pathmark did not mistreat, demote, fire, discipline, or punish plaintiff in any way. The sole act of "retaliation" that plaintiff alleges is that her immediate (and low-level) supervisor, after being rebuffed in his unwanted sexual advances, "forced Plaintiff to move material which was beyond her physical capacities and caused her to become injured." Plaintiff's Supplemental Memorandum, at 3. Even though Pathmark had a strict policy against any form of sexual harassment and displayed posters throughout the store advertising an "800" phone number that harassed employees could call, plaintiff took no action to bring her supervisor's actions to the company's attention. Nor, for that matter, did she suffer any further mistreatment by him. While these factors alone do not insulate an employer from all liability (and, indeed, plaintiff has made the minimal showing necessary to survive summary judgment on her harassment claim), in this context plaintiff's modest allegations can hardly suffice to support a retaliation claim.

Accordingly, the Court hereby grants summary judgment on plaintiff's claim of unlaw-

ful retaliation. As previously ordered, the jury for the trial of the remaining claim of harassment will be selected on November 4, 1996, and the case will proceed to trial shortly thereafter.[2]

SO ORDERED.

---

**2.** By unsolicited letter dated October 17, 1996, defendant notified the Court that its retained medical expert will be "unavailable" between November 3rd and November 9th. Given the tight November trial schedule of this Court, no guarantee can be given that this case will not proceed to trial in the absence of said expert.