■ PIEDAD ESCOBAR et al., Respondents, v SPARTAN ASSEMBLIES, INC., et al., Appellants. [700 NYS2d 206] —In an action, *inter alia,* to recover damages for sexual harassment and discrimination based on national origin, the defendants, Spartan Assemblies, Inc., George Pappas, and George Sarabia, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 24, 1998, as denied those branches of the motion of the defendants Spartan Assemblies, Inc., and George Pappas which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal by the defendant George Sarabia is dismissed, as he is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Spartan Assemblies, Inc., and George Pappas, on the law, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against George Sarabia is severed; and it is further,

Ordered that the appellants Spartan Assemblies, Inc., and George Pappas are awarded one bill of costs.

The plaintiffs, Piedad Escobar and Irma Escobar, commenced this action pursuant to the New York State Human Rights Law (Executive Law art 15) against their employer, Spartan Assemblies, Inc. (hereinafter Spartan), Spartan's owner, George Pappas, and their supervisor, George Sarabia, alleging, *inter alia,* sexual harassment and discrimination based on national origin. The plaintiffs claimed that Sarabia made sexual comments and gestures to them, touched them without permission, and made derogatory comments about their national origin.

The Supreme Court erred in denying those branches of the motion of Spartan and Pappas which were for summary judgment dismissing the complaint insofar as asserted against them. Spartan and Pappas are not liable under Executive Law § 296 (1) (a) since there was no evidence that they encouraged, condoned, or approved of Sarabia's allegedly discriminatory conduct (*see, Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305; *Sormani v Orange County Community Coll.,* 240 AD2d 724; *McBride v General Ry. Signal Co.,* 96 AD2d 1145). Moreover, Spartan and Pappas established that they could not be found liable for retaliation under Executive Law § 296 (7) since the plaintiffs were not engaged in a protected activity (*see,* Executive Law § 296 [7]; *compare, Sumner v United States Postal Serv.,* 899 F2d 203, 209, *with Del Castillo v Pathmark Stores,* 941 F Supp 437).

Spartan and Pappas also established their entitlement to dismissal of the plaintiffs' causes of action sounding in assault, battery, slander, and intentional infliction of emotional distress. Spartan and Pappas cannot be held liable under the doctrine of respondeat superior for Sarabia's alleged comments, gestures, and physical contact, as those alleged acts were not within the scope of Sarabia's employment (*see, Adams v New York City Tr. Auth.,* 88 NY2d 116; *Hendricks v 333 Bayville*

*Ave. Rest. Corp.*, 260 AD2d 545). Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.