■ DEBORAH A. PASCAL, Appellant, v AMSCAN, INC., Respondent. [738 NYS2d 584] —In an action, inter alia, to recover damages for hostile work environment harassment in violation of Executive Law § 296 *et seq.*, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 26, 2000, as granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, alleging that the defendant was liable for sexual harassment and a hostile work environment, respectively. After the defendant established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendant acquiesced in the alleged discriminatory conduct while it was occurring, or subsequently condoned it (*see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687; *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305). Moreover, the alleged perpetrator of the harassment was not of such a high rank in the company as to invoke the rule of imputed liability for his actions (*cf., Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 53). Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.