■ KIM EMILE et al., Respondents, v BIG BROTHERS/BIG SISTERS OF NEW YORK CITY, INC., Appellant, et al., Defendant. [739 NYS2d 260] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 5, 2001, which, to the extent appealed from as limited by the brief, granted plaintiffs' motion for an order disqualifying defendant-appellant's counsel to the extent of disqualifying Francis Carling, Esq., individually, and which granted defendant-appellant's cross motion to compel plaintiffs to appear for depositions only to the extent of permitting defendant-appellant to ask those questions necessary to enable it to frame a motion to dismiss, unanimously modified, on the law and the facts, to vacate the provision that the pre-answer deposition of plaintiff "shall be limited to those questions necessary to enable Big Brothers/Big Sisters to frame a motion to dismiss," and otherwise affirmed, without costs.

Under all of the circumstances of this case (*see, York v York*, 285 AD2d 500), disqualification of the individual attorney was a proper exercise of discretion (*cf., Bullard v Coulter*, 246 AD2d 705, 706-707). Plaintiff employee's recounting of the meeting, which only she and the individual attorney attended, would support her allegations of hostile environment sexual harassment (*cf., Pascal v Amscan, Inc.*, 290 AD2d 426). Therefore, on the present record and in light of defendant-appellant's stated

position that the matter will not be ripe for a motion to dismiss until it takes plaintiff's deposition, plaintiffs have sustained their burden (*see, NYK Line v Mitsubishi Bank*, 171 AD2d 486, 487) of showing that the attorney's testimony on his own client's behalf will be necessary (*cf., Metropolitan Transp. Auth. v 2 Broadway*, 279 AD2d 315, 315-316). Although plaintiffs did not cite subdivision (c) of Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21) in their motion, the court properly corrected the discrepancy and relied on that subdivision (*see, Matter of Burdick*, 283 AD2d 920). Further, under the particular circumstances of this case, disqualification is not premature (*cf., Raul Cleaners Corp. v Kim's Landmark Cleaners Corp.*, 210 AD2d 144).

The motion court should not, however, have placed limitations on defendant's pre-answer deposition of plaintiff (*see*, CPLR 3106 [a]). Such discovery is available as of right (*see, Griffin & Co. v Sperling S.S. & Trading Corp.*, 28 AD2d 976), and limitations are disfavored (*see, Matter of Welsh*, 24 AD2d 986, 987). The limitation imposed in this case is problematically vague. If questioning of plaintiff becomes abusive, CPLR 3103 (a) provides plaintiffs with a sufficient remedy (*see, Matter of Welsh*, 24 AD2d, *supra* at 987). Concur—Nardelli, J.P., Mazzarelli, Buckley, Ellerin and Lerner, JJ.