■ EUNICE ELLIS, Respondent, v CHILD DEVELOPMENT SUPPORT CORPORATION, Appellant, et al., Defendant. [772 NYS2d 605]—

In an action, inter alia, to recover damages for sexual harassment, the defendant Child Development Support Corporation appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 4, 2003, as denied those branches of its motion which were for summary judgment dismissing the causes of action pursuant to the New York State Human Rights Law (Executive Law art 15) and the New York City Human Rights Law insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the causes of action pursuant to the New York State Human Rights Law (Executive Law art 15) and the New York City Human Rights Law insofar as asserted against the appellant are granted, and those causes of action are dismissed insofar as asserted against the appellant.

The plaintiff was employed by the appellant as a security guard. The defendant Gary Mitchell was her supervisor. Mitchell allegedly made vulgar remarks to her in a telephone conversation and sexually assaulted her. The plaintiff reported the sexual assault to the appellant, but never returned to work. Mitchell's employment was immediately terminated.

The plaintiff subsequently commenced this action against Mitchell and the appellant asserting, inter alia, causes of action pursuant to the New York State Human Rights Law (Executive Law art 15) and the New York City Human Rights Law. The Supreme Court erred in denying those branches of the appellant's motion which were for summary judgment dismissing those causes of action insofar as asserted against it. The appellant demonstrated that it did not approve of, acquiesce in, or condone any alleged discriminatory conduct (see Matter of State Div. of Human Rights [Greene] v St. Elizabeth's Hosp., 66 NY2d 684, 687; Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300, 304 [1985]; Pascal v Amscan, Inc., 290 AD2d 426 [2002]; Escobar v Spartan Assemblies, 267 AD2d 272 [1999]). Further, Mitchell was not a high-level managerial employee whose conduct could be imputed to the appellant (see Pascal v Amscan, Inc., supra; cf. Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, 221 AD2d

44, 54 [1996]). In addition, there is no evidence that the appellant retaliated against the plaintiff for reporting the incident (*see* Executive Law § 296 [7]). In opposition, the plaintiff failed to raise a triable issue of fact. Her speculative contention that further discovery would reveal facts to support her causes of action did not warrant denial of summary judgment (*see Leggio v County of Nassau*, 281 AD2d 518 [2001]; *Moriello v Stormville Airport Antique Show & Flea Mkt.*, 271 AD2d 664 [2000]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.