■ ROBERT SCHWALB et al., Appellants, v LISA A. KULASKI et al., Defendants, and RUTH McCORMACK, Respondent. [832 NYS2d 650]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated October 19, 2005, as, upon so much of a jury verdict as was in favor of the defendant Ruth McCormack on the issue of liability, and upon denying that branch of their motion pursuant to CPLR 4404 (a) which was to set aside that portion of the verdict and for judgment as a matter of law against that defendant or, in the alternative, to set aside that portion of the verdict as against the weight of the evidence and for a new trial against that defendant, is in favor of the defendant Ruth McCormack and against them dismissing the complaint against her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs, Robert Schwalb and Suzanne Schwalb, prospective buyers of a farm owned by the defendant Ruth McCormack, commenced this action against McCormack and her real estate agents to recover damages for injuries allegedly sustained by Mr. Schwalb when his leg broke through the

second-story floorboards of a barn being shown to the plaintiffs. Following a jury verdict on the issue of liability, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside so much of the verdict as was in favor of McCormack and for judgment as a matter of law or, alternatively, to set aside that portion of the verdict as against the weight of the evidence and for a new trial against McCormack.

In evaluating the legal sufficiency of a verdict, we must determine whether there is any "valid line of reasoning and permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Here, a rational person could have concluded that McCormack did not have actual or constructive notice of the allegedly dangerous condition, and the jury was not required, as a matter of law, to draw an inference that the accident was caused by the defendants' negligence under the doctrine of res ipsa loquitur.

The plaintiffs' contention that so much of the verdict as was in favor of McCormack should have been set aside as against the weight of the evidence is without merit. A jury verdict should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence (*see Bendersky v M & O Enters. Corp.,* 299 AD2d 434, 435 [2002]; *Nicastro v Park,* 113 AD2d 129, 132 [1985]). Here, so much of the verdict as was in favor of McCormack was supported by a fair interpretation of the evidence.

The plaintiffs' remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.