■ Kristin Polidori, Respondent, v Societe Generale Groupe et al., Defendants, and SG Americas Securities, LLC, Appellant. [835 NYS2d 80]—

Order, Supreme Court, New York County (Emily Jane Good-

man, J.), entered December 6, 2006, which, in an action for sexual harassment, constructive discharge and retaliation, insofar as appealed from, denied defendant employer's motion pursuant to CPLR 3211 (a) (7) to dismiss the causes of action for sexual harassment and constructive discharge, unanimously modified, on the law, to dismiss the cause of action for constructive discharge, and otherwise affirmed, without costs. Order, same court and Justice, entered December 11, 2006, which granted plaintiff's motion to compel defendant's production of its investigation file regarding plaintiff's complaint of sexual harassment, unanimously affirmed, without costs.

We reject defendant's argument that because there is no dispute that it had an antisexual harassment policy in place and responded promptly when plaintiff made a formal complaint about the alleged harassment to its Human Resources Department, it cannot be held liable for sexual harassment. The amended complaint sufficiently alleges a pervasive atmosphere of workplace sexual harassment involving identified individuals in addition to the alleged primary harasser, and that defendant knew or should have known of the harassment before plaintiff made her formal complaint. Defendant's termination of the alleged primary harasser promptly after plaintiff made her formal complaint does not necessarily show that defendant did not encourage, condone or approve the alleged harassment (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]) before plaintiff made her formal complaint, or that defendant took reasonable corrective action in response to the formal complaint.

To state a claim for constructive discharge, plaintiff must allege facts showing that defendant "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (*Mascola v City Univ. of N.Y.*, 14 AD3d 409, 410 [2005]). "Deliberate" is more than "a lack of concern"; "something beyond mere negligence or ineffectiveness" (*Whidbee v Garzarelli Food Specialties, Inc.*, 223 F3d 62, 74 [2d Cir 2000]). Plaintiff admits that defendant immediately investigated her complaint of sexual harassment and promptly terminated the alleged primary harasser; that she was on paid leave while defendant investigated her complaint; that defendant offered her various options for returning to work, including working under a different manager or in a different department; but that she did not return to work because she believed that she would continue to be subjected to a hostile environment. Accepting the truth of such belief, and otherwise giving the complaint the benefit of

every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the facts alleged do not permit an inference that the alleged hostile environment created or left in place by defendant after plaintiff complained was deliberate (*cf. Ellis v Child Dev. Support Corp.*, 5 AD3d 430 [2004]). Because defendant investigated plaintiff's complaint, albeit allegedly imperfectly, and offered plaintiff reasonable options for returning to work, the alleged ineffectiveness of its corrective action in eliminating the hostile environment does not give rise to a potential liability for constructive discharge.

Although defendant has yet to serve an answer, it has taken the position that plaintiff has no cause of action because it took immediate and adequate measures to stop the harassment. Such position puts in issue whether the corrective actions taken by defendant were reasonable in light of what it learned from the investigation, and therefore results in a waiver of the attorney work product privilege that the investigation might otherwise have enjoyed (*see McGrath v Nassau Health Care Corp.*, 204 FRD 240, 248 [ED NY 2001]). Plaintiff shows that she cannot obtain the substantial equivalent of the investigation file by other means (CPLR 3101 [d] [2]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.