■ JANET BIANCO, Appellant-Respondent, v FLUSHING HOSPITAL MEDICAL CENTER, Respondent-Appellant, et al., Defendant. [912 NYS2d 433]—

In an action to recover damages for violations of Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flaherty, J.), dated September 11, 2009, as granted those branches of the motion of the defendant Flushing Hospital Medical Center pursuant to CPLR 4404 (a) which were to set aside the jury verdict on the issue of damages to the extent of ordering a new trial unless the plaintiff stipulated to reduce the award for past emotional distress from the sum of $8,000,000 to the sum of $750,000, to reduce the award for future emotional distress from the sum of $5,500,000 to zero, and to reduce the punitive damages award from the sum of $1,500,000 to zero, and the defendant Flushing Hospital Medical Center cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issues of liability and damages.

Ordered that the order is affirmed, without costs or disbursements.

The contention of the defendant Flushing Hospital Medical Center (hereinafter the hospital) that there was insufficient evidence to establish its vicarious liability for the sexual harassment of the plaintiff by an attending physician at the hospital is without merit. In evaluating the legal sufficiency of the evidence, we must determine whether there is any "valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Schwalb v Kulaski*, 38 AD3d 876, 877 [2007]). Viewing the evidence in the light most favorable to the plaintiff, as we must (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]; *Campos v Ofman*, 49 AD3d 485 [2008]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury herein. Moreover, the verdict was supported

by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]).

Contrary to the hospital's contention, the Supreme Court properly determined, as a matter of law, that its medical director, Peter Barra, was a high-level managerial employee whose knowledge of discriminatory conduct in the workplace could be imputed to the hospital (*see Loughry v Lincoln First Bank*, 67 NY2d 369, 380-381 [1986]; *Ellis v Child Dev. Support Corp.*, 5 AD3d 430 [2004]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 55 [1996]).

The hospital's contention that several of the plaintiff's attorney's summation comments were improper and unfairly prejudicial to the defense does not require a new trial, as the comments either were based on evidence in the trial record or constituted isolated remarks which did not deprive the hospital of a fair trial (*see e.g. Alston v Sunharbor Manor, LLC*, 48 AD3d 600, 603 [2008]).

The plaintiff's contention concerning a ruling made during trial is not properly before this Court (*see Sullivan v Our Lady of Consolation Geriatric Care Ctr.*, 60 AD3d 663 [2009]).

The parties' remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32086(U).]**