■ ROBERT A. COLE, Respondent, v SEARS, ROEBUCK & COMPANY, Appellant. [994 NYS2d 62]—

Order, Supreme Court, New York County (Debra A. James, J.), entered July 3, 2013, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the causes of action for discrimination (hostile work environment) and retaliation under the New York State Human Rights Law, unanimously affirmed, with costs.

Viewed in the light most favorable to plaintiff (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931 [2007]), the evidence shows that, from the very inception of his employment with defendant as an auto center manager, plaintiff was subjected to a constant bombardment of anti-gay remarks and other communications, which included insulting and offensive remarks about other Sears employees who were thought to be gay; crude anti-gay humor and graphic sexual images disseminated by text and email; and anti-gay hate speech made repeatedly and openly by an operations manager in the presence of plaintiff and others. The anti-gay harassment worsened after plaintiff made his first formal complaint about it in March 2007. Among other things, the operations manager was promoted to acting general manager and continued to make of-

fensive anti-gay remarks, and plaintiff received multiple offensive emails from an email address created for the apparent purpose of harassing him, which he testified were sent by a manager in another Sears store. Given this evidence, issues of fact exist whether plaintiff was subjected to harassment sufficiently severe and pervasive to alter the terms and conditions of his employment (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]).

Issues of fact also exist whether the harassment was directed toward plaintiff based on his membership in a category protected by the statute (Executive Law § 296 [1] [a]; *see Forrest*, 3 NY3d at 307). There is evidence that Sears management was aware of plaintiff's sexual orientation by February 2007; certainly by March 2007, when plaintiff made a formal written complaint about the anti-gay harassment, the managers responsible for addressing his complaints were aware of it.

The record further shows that there are issues of fact as to whether defendant's response to plaintiff's complaints of widespread anti-gay harassment was reasonable under the circumstances, and whether, through a lack of effective action, defendant condoned or acquiesced in the hostile work environment (*see Polidori v Societe Generale Groupe*, 39 AD3d 404 [1st Dept 2007]).

As defendant tacitly concedes, plaintiff established with respect to his retaliation claim that he engaged in protected activity (he complained about the hostile work environment), that defendant was aware of this activity, and that plaintiff suffered an adverse employment action (termination) based on his activity (*see* Executive Law § 296 [7]; *Forrest*, 3 NY3d at 312-313). Contrary to defendant's contention, plaintiff raised an issue of fact as to the causal connection between the protected activity and the adverse action. Moreover, less than two months passed between plaintiff's last formal complaint on June 26 and his termination on August 23, 2007 (*see Cifra v General Elec. Co.*, 252 F3d 205, 217 [2d Cir 2001]).

Plaintiff also raised an issue of fact as to defendant's proffered legitimate, nondiscriminatory reason for the termination. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.