Bond v New York City Health & Hosps. Corp. (2023 NY Slip Op 01939)

Bond v New York City Health & Hosps. Corp.

2023 NY Slip Op 01939

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Pitt-Burke, JJ. 

Index No. 160658/13 Appeal No. 35 Case No. 2022-00688 

[*1]Lori Bond, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.

Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about March 3, 2020, which, to the extent appealed from, granted defendant New York City Health and Hospitals' (HHC) motion for summary judgment dismissing plaintiff's claims for gender discrimination, retaliation, and constructive discharge under the New York City Human Rights Law (City HRL), unanimously modified, on the law, to deny the motion as to the claims for gender discrimination, retaliation, and constructive discharge, and otherwise affirmed, without costs.
The motion court denied HHC's motion for summary judgment dismissing the hostile work environment/sexual harassment claim, and HHC has not appealed from that aspect of the order. Since "[t]he City HRL does not differentiate between sexual harassment and other forms of gender discrimination, but requires that sexual harassment be viewed as one species of sex- or gender-based discrimination" (Crookendale v New York City Health & Hosps. Corp., 175 AD3D 1132, 1132 [1st Dept 2019] [internal quotation marks omitted]), it was error to grant summary judgment dismissing plaintiff's gender discrimination claim, while denying the motion with respect to the hostile work environment and sexual harassment claim. Moreover, plaintiff need not show an adverse employment action in order to establish a prima facie case of gender discrimination under the City HRL (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 91 [1st Dept 2017]). On this motion for summary judgment dismissing a claim under the City HRL, defendant bore the burden of showing that, based on the record evidence and drawing all reasonable inferences in plaintiff's favor, no jury could find defendant liable for gender-based discrimination (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 41 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Here, plaintiff submits sufficient evidence to support her assertions that, after she rejected her supervisor's sexual advances, she was unjustifiably criticized for her work product and attendance by her supervisors and was stripped of her assignments, which permits a finding that she was treated "less well" based on her gender (see Suri v Grey Global Group, Inc., 164 AD3d 108, 114 [1st Dept 2018], appeal dismissed 32 NY3d 1138 [2019]).
Defendant's motion also should have been denied with respect to plaintiff's claim for retaliation under the City HRL, as HHC's conduct towards plaintiff following her complaints of discrimination in March 2013 could have a "chilling effect" on future discrimination complaints (see Williams v New York City Hous. Auth., 61 AD3d 62, 71 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). Plaintiff's affidavit and her emails to HHC's Equal Employment Opportunity officer following her discrimination complaint support a finding that she continued to be excluded from meetings and calls regarding projects she had previously led and that she had work assignments taken from her. While HHC claims that [*2]plaintiff requested a reassignment, she presents evidence that she was ultimately transferred to a role with significantly diminished responsibilities within one month of her discrimination complaint (see e.g. Kessler v Westchester County Dept. of Social Servs., 461 F3d 199, 209-210 [2d Cir 2006]).
Plaintiff's constructive discharge claim was also improperly dismissed. When viewed in a light most favorable to her, plaintiff's allegations, including the hostile work environment and reduced work assignments, raise issues of fact as to whether defendant "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (Polidori v Societe Generale Groupe, 39 AD3d 404, 405-406 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023