Lopez v Trahan (2025 NY Slip Op 00274)

Lopez v Trahan

2025 NY Slip Op 00274

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 155637/20 Appeal No. 3523 Case No. 2024-04221 

[*1]Teresita Lopez, Plaintiff-Respondent,
v
Dr. Russell F. Trahan, etc., et al., Defendants-Appellants.

Moulinos & Levinas PLLC, New York (Peter Moulinos of counsel), for appellants.
J. Pace Law, PLLC, New York (Joseph Pace of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 21, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claims for age and national origin discrimination under the New York State and New York City Human Rights Laws (HRLs) and for intentional infliction of emotional distress (IIED), unanimously affirmed, without costs.
In support of their motion for summary judgment, defendants submitted the transcript of plaintiff's deposition in which she testified that defendant Russell F. Trahan, her employer, routinely yelled at and berated her, called her "old," "slow," an "old hag," and physically assaulted her on more than one occasion. She also testified that Trahan "ma[de] fun of" her "Puerto Rican accent" and told her, when she spoke Spanish, that "[y]ou Puerto Ricans don't know how to talk" and "talk so fast." In opposition, plaintiff submitted affidavits of three coworkers and a regular client who corroborated much of her testimony, as well as medical records and a video supporting her allegations.
The court properly denied defendants' motion for summary judgment dismissing plaintiff's City HRL claim based on age discrimination, as the evidence, including plaintiff's own testimony as corroborated by three witnesses, raises issues of fact as to whether plaintiff was "treated differently or less well" than other employees because of her age (Spiegel v 226 Realty LLC, 231 AD3d 562, 565 [1st Dept 2024] [internal quotation marks omitted]; see also Krebaum v Capital One, N.A., 138 AD3d 528, 528 [1st Dept 2016]). Contrary to defendants' contention, plaintiff does not need to show an adverse employment action in order to establish a prima facie case of discrimination under the City HRL (see Bond v New York City Health & Hosps. Corp., 215 AD3d 469, 470 [1st Dept 2023]).
Although plaintiff did not oppose dismissal of the State HRL claims and City HRL national origin discrimination claim before Supreme Court, the court properly denied defendants' motion as to those claims because they did not meet their prima facie burden of showing that plaintiff's evidence and allegations raise no triable issues of fact (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). Defendants challenge only plaintiff's prima facie case and do not assert any legitimate, nondiscriminatory reason for the alleged discrimination until their reply brief. As for the City HRL claim based on national origin, Trahan's remarks about plaintiff's accent sufficiently raise an inference of discrimination for purposes of plaintiff's minimal prima facie burden. As for the State HRL claims, although plaintiff did not allege or present evidence of a traditional adverse employment action (see Gordon v Bayrock Sapir Org. LLC, 161 AD3d 480, 481 [1st Dept 2018]), her deposition testimony raises an issue of fact as to whether she was constructively discharged as [*2]a result of Trahan's deliberately creating working conditions that were "so intolerable . . . that a reasonable person would have felt compelled to resign" (Bond, 215 AD3d at 470-471 [internal quotation marks omitted]). Accordingly, defendants' motion was properly denied without considering the sufficiency of plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].
Defendants also failed to demonstrate entitlement to summary judgment dismissing plaintiff's IIED claim. A reasonable jury could view the evidence that plaintiff's employer regularly screamed at, berated, and physically assaulted her as "both (1) a deliberate and malicious campaign of harassment and intimidation and (2) an abuse of power" (Scollar v City of New York, 160 AD3d 140, 146 [1st Dept 2018]; see also Vasarhelyi v New School for Social Research, 230 AD2d 658, 661-662 [1st Dept 1996]). Plaintiff's medical records documenting her repeated visits to the emergency room for asthma, high blood pressure, and a panic attack following verbal and physical altercations with her boss create issues of fact as to whether plaintiff suffered severe emotional distress that was caused by his conduct.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025