**Kapllanaj v Healthfirst PHSP, Inc.**

2025 NY Slip Op 32159(U)

June 17, 2025

Supreme Court, New York County

Docket Number: Index No. 152720/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MARY V. ROSADO**                                          PART                    **33M**

_Justice_

----------------------------------------------------------------X

IRENA KAPLLANAJ,

Plaintiff,

- v -

HEALTHFIRST PHSP, INC., and MIKHAIL PAPYAN

Defendants.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152720/2021 |
| MOTION DATE | 04/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, and after oral argument, which took place on April 8, 2025, where Daniel F. Schreck, Esq. appeared for Plaintiff Irena Kapllanaj ("Plaintiff") and David S. Warner, Esq. appeared for Defendants Healthfirst PHSP, Inc. ("Healthfirst") and Mikhail Papyan ("Papyan") (collectively "Defendants"), Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted in part and denied in part.

## I.     Background

From April 23, 2001, until May 4, 2020, Plaintiff was employed at Healthfirst (NYSCEF Doc. 30 at 25). Plaintiff's job was to help people enroll in health insurance programs. For most of her tenure, Plaintiff worked at Maimonides Pediatric at 1301 57th Street, Brooklyn. New York (NYSCEF Doc. 30 at 42). Plaintiff's workstation was changed to Healthfirst Bensonhurst's office, allegedly because there was planned construction at Maimonides Pediatric (NYSCEF Doc. 30 at 49-50). In 2018, Papyan became Plaintiff's supervisor and allegedly began making sexual comments towards her, including calling her beautiful, telling her what to wear, and telling other females that they should wear short skirts like Plaintiff (NYSCEF Doc. 30 at 85). He also allegedly

[* 1]

said a beautiful woman like Plaintiff shouldn't associate with another female coworker who Papyan implied was ugly (NYSCEF Doc. 30 at 90) Papyan also allegedly pulled his chair next to Plaintiff to work right beside her on multiple occasions, making her uncomfortable (NYSCEF Doc. 30 at 92). Plaintiff testified he heard Papyan express hatred towards other female managers and colleagues (NYSCEF Doc. 30 at 105-06). Plaintiff complained to other Healthfirst employees and Healthfirst's human resources that she felt Papyan was sexually harassing her (NYSCEF Doc. 30 at 116-17).

After rebuffing him and complaining about Papyan, Plaintiff's work came under increasing scrutiny. Eventually, in September of 2019, Plaintiff was transferred to work with a different manager at a Queens location. Glenys Bisono, Plaintiff's new director, recommended she be terminated for three years of poor performance evaluations. In May of 2020, Plaintiff was terminated. Plaintiff sues for gender discrimination under the New York State and City Human Rights laws, hostile work environment, retaliation, and intentional infliction of emotional distress. Defendants move for summary judgment dismissing the Complaint, and Plaintiff opposes.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce

152720/2021 KAPLLANAJ, IRENA vs. HEALTHFIRST PHSP, INC. ET AL Page 2 of 7
Motion No. 001

2 of 7

[* 2]

evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To allege employment discrimination, a plaintiff must show (a) she is a member of a protected class; (b) she was qualified for the position; (c) she suffered an adverse employment action; and (d) that the adverse action occurred under circumstances giving rise to an inference of discrimination (*Hribovsek v United Cerebral Palsy of New York* City, 223 AD3d 618 [1st Dept 2024]). While legitimate, non-discriminatory reasons may be proffered by a defendant to rebut a Plaintiff's *prima facie* showing, if there "is some evidence that at least one of the reasons proffered by defendant is false, misleading, or incomplete…'trial courts [should] be especially chary in handing out summary judgment…because in such cases the employer's intent is ordinarily at issue'" (*Bennett v Health Management Systems, Inc.*, 92 AD3d 29, 43-44 [1st Dept 2011]).

The standard for determining liability for discrimination-based claims under the New York City Human Rights Law is to ensure that discrimination plays no role in the disparate treatment of similarly situated individuals in the workplace (*Williams v New York City Housing Authority*, 61 AD3d 62, 76 [1st Dept 2009]). The New York State Human Rights Law, which was amended in 2019, mirrors the "play no-role" standard under the New York City Human Rights Law (*Hosking v Mem'l Sloan-Kettering Cancer Ctr.*, 186 AD3d 68, 64 n.1 [1st Dept 2020]).

### B. Gender Based Discrimination and Hostile Work Environment

Viewing the facts in the light most favorable to the non-movant, Defendants' motion for summary judgment dismissing Plaintiff's first cause of action alleging gender-based discrimination is granted. There is no dispute that Plaintiff is a member of a protected class – namely she is a woman, nor can it be disputed that she was qualified for the position, as she had been employed at Healthfirst for 19 years. Moreover, she suffered adverse employment actions –

namely termination, but also, she was subjected to far greater scrutiny after complaining about sexual harassment. Moreover, although her work location was not yet under construction, she was forced to move from her prior work location of many years to the less busy Bensonhurst office under the alleged pretext of planned construction.

Finally, the adverse employment actions occurred under circumstances giving rise to an inference of discrimination – she was terminated for a history of poor work performance, but this did not take into account that at least one of the performance evaluations relied on was conducted by her alleged harasser. Moreover, Plaintiff provided sworn testimony that her supervisor, Papyan, frequently referred to her as beautiful, told her not to associate with other women he believed were ugly, and instructed other employees to wear short skirts like Plaintiff. For purposes of raising a triable issue of fact defeating summary judgment, these acts, which allegedly occurred on numerous occasions, give rise to an inference of gender-based discrimination – especially as there is no evidence that Papyan made similar comments about male employees' appearance and clothing (*see Suri v Grey Global Group, Inc.*, 164 AD3d 108 [1st Dept 2018]).

Although Defendants proffer poor work performance as a legitimate and non-discriminatory basis for Plaintiff's alleged termination, Defendants fail to resolve a central issue of fact: whether Plaintiff received poor work performance evaluations from prior supervisors, including Papyan, because of her complaints about sexual harassment (*see also Bond v New York City Health & Hosps. Corp.*, 215 AD3d 469, 470 [1st Dept 2023). As Papyan, the alleged discriminator, authored a performance evaluation relied upon to terminate Plaintiff, a jury might reasonably find that gender discrimination played a role in Plaintiff's termination in violation of the New York State and City Human Rights Laws. Therefore, the motion for summary judgment dismissing Plaintiff's gender-based discrimination claims is denied.

152720/2021   KAPLLANAJ, IRENA vs. HEALTHFIRST PHSP, INC. ET AL                    Page 4 of 7
Motion No.  001

[* 4]                                                            4 of 7

For the same reason, the motion for summary judgment dismissing the hostile work environment claim is denied. Plaintiff has set forth sufficient evidence to raise an issue of fact as to whether she suffered a hostile work environment due to being a woman. Plaintiff testified that when she expressed discomfort from Papyan's advances, everyone in the Bensonhurst office began treating her coldly – without even saying good morning. She also claims she came under more intense scrutiny and was given an erratic and ever-changing schedule. This testimony, without any evidence definitively contradicting it, requires a jury to adjudicate Plaintiff's claim of hostile work environment (*see also Ramos v Metro-North Commuter Railroad*, 194 AD3d 433, 434 [1st Dept 2021]).

### C. Retaliation

The branch of the motion for summary judgment seeking dismissal of Plaintiff's retaliation claim is denied. To set forth a *prima facie* case of retaliation under the New York City Human Rights Law, a plaintiff must show (1) they engaged in protected activity known to defendant; (2) defendant took an adverse action against the plaintiff; and (3) there exists a causal connection between the protected activity and the adverse action" (*Cadet-Legros v New York Univ. Hosp. Center*, 135 AD3d 196, 206 [1st Dept 2015] quoting *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). Once this minimal showing has been made, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its actions (*Koester v New York Blood Center*, 55 AD3d 447, 448 [1st Dept 2008] citing *McDonnell Douglas Corp. v Green*, 411 US 792 [1973]). Although there may exist a legitimate and nondiscriminatory reason for an adverse employment action, if a Plaintiff can show that retaliatory animus was another motivating factor for the adverse employment action, he maintains a valid retaliation claim (*Franco v Hyatt Corp.*, 189 AD3d 569, 571-572 [1st Dept 2020]). Evidence of an employer's motives need not be direct, and the factfinder

152720/2021  KAPLLANAJ, IRENA vs. HEALTHFIRST PHSP, INC. ET AL          Page 5 of 7
Motion No.  001

[* 5]                                       5 of 7

is entitled to ascertain an impermissible motive from circumstantial evidence (*Reeves v Sanderson Plumbing Prods., Inc.*, 530 US 133 [2000]).

Here, Plaintiff engaged in protected activity by complaining to human resources on multiple occasions about Papyan's alleged harassment. She suffered an adverse action – namely termination, approximately eight months after complaining. Despite knowing that Plaintiff complained about Papyan discriminating against her, Healthfirst relied on a performance evaluation authored by Papyan to justify her termination. These facts, coupled with the temporal proximity of her complaints and her lengthy tenure at Healthfirst require the jury to determine whether Plaintiff suffered retaliation (*Herskowitz v State*, 222 AD3d 587, 590 [1st Dept 2023]; *see also Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 25-26 [1st Dept 2014]).

### D. Intentional Infliction of Emotional Distress

Defendants' motion for summary judgment dismissing Plaintiff's intentional infliction of emotional distress claim is granted. Where an employee can recover emotional distress damages in a gender discrimination and retaliation claim, a cause of action for intentional infliction of emotional distress is duplicative (*see Conde v Yeshiva University,* 16 AD3d 185, 187 [1st Dept 2005]; *McIntyre v Manhattan Ford, Lincoln-Mercury, Inc.*, 256 AD2d 269 [1st Dept 1998]). Therefore, Plaintiff's intentional infliction of emotional distress claim is dismissed.

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted solely to the extent that Plaintiff's intentional infliction of emotional distress claim is dismissed; and it is further

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is otherwise denied; and it is further

152720/2021  KAPLLANAJ, IRENA vs. HEALTHFIRST PHSP, INC. ET AL
Page 6 of 7
Motion No. 001

6 of 7

[* 6]

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| _6/17/2025_ | _May V Rost JSC_ |
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152720/2021   KAPLLANAJ, IRENA vs. HEALTHFIRST PHSP, INC. ET AL**
**Motion No.  001**

Page 7 of 7

7 of 7

[* 7]