■ RAFAEL HERNANDEZ, Appellant, v BANKERS TRUST COMPANY, Respondent. [773 NYS2d 35]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 15, 2002, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was hired by defendant at will as a computer technician. While rendering computer assistance to an African-American fellow employee, plaintiff changed her password to "White Girl," and later joked with other employees that he should have changed it to "Ghetto Girl." Defendant has a strictly enforced zero-tolerance policy with regard to discrimination in the workplace. Called to account for his remarks before defendant's Human Resources Department, plaintiff admitted making them, but said they were intended humorously. Plaintiff was advised that he had committed a terminable offense under company policy. Without conceding the offensiveness of his remarks, plaintiff questioned why anti-gay comments directed at him were not similarly sanctioned. Defendant thereupon investigated another employee's anti-gay remarks to plaintiff, and discharged that offending employee immediately. After further investigation of plaintiff's claim in his defense, that the African-American employee had been amused and not offended by plaintiff's password choice, defendant nonetheless determined that the password was, in fact, taken as a racial slur, and plaintiff's employment was therefore terminated. Parenthetically, several months later, defendant fired another computer technician who changed a female employee's password to "Sexy One."

In order to challenge a dismissal based on an established violation of an employer's nondiscrimination policy, the employee must demonstrate a material dispute of fact as to the charge (see *Forrest v Jewish Guild for the Blind*, 309 AD2d 546, 553 [2003], *lv granted* 1 NY3d 506 [2004]). Not only has plaintiff failed to materially dispute defendant's factual showing, but he has failed to demonstrate a prima facie case of employment discrimination. The circumstances at bar do not give rise to an inference of discrimination. Moreover, plaintiff has failed to offer more than "isolated incidents of [anti-gay] enmity," which are insufficient to establish a claim of hostile work environment (*id.* at 556). Furthermore, once the anti-gay remarks were called to defendant's attention, that offending employee was similarly

investigated and discharged in accordance with defendant's policy.

Plaintiff fares no better in his claim of retaliation, as he has failed to establish a prima facie case, which requires: (1) engagement in a protected activity; (2) the employer's awareness of participation in that activity; (3) an adverse employment action based on the activity; and (4) a causal connection between the protected activity and the adverse action taken by the employer (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]). In this regard, plaintiff has asserted no participation in a protected activity. Even his e-mail to defendant's Human Resources Department, in which he first complained about the coworker's anti-gay remarks, was submitted after he was notified that his use of a racially offensive password was a terminable offense.

We have considered plaintiff's remaining contentions and find them to be unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.