Carrington v City of N.Y. Human Resources Admin. (2024 NY Slip Op 51635(U))

[*1]

Carrington v City of N.Y. Human Resources Admin.

2024 NY Slip Op 51635(U)

Decided on December 4, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 4, 2024
Supreme Court, New York County

Joan Carrington, Plaintiff,

against
City of New York Human Resources Administration, Defendant.

Index No. 155076/2024

Bell Law Group, PLLC by Mary Bianco for Plaintiff 
New York City Law Department by Katherine Dunayevich for Defendant

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22 were read on this motion to DISMISS.
With the instant motion, Defendant City of New York Human Resources Administration ("Defendant") moves to dismiss Plaintiff Joan Carrington's ("Plaintiff") verified complaint pursuant to CPLR §§ 3211(a)(2), (a)(7), and (a)(1), asserting that Plaintiff's claims are barred by the Election of Remedies Doctrine, fail to state a cognizable claim for retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), and are conclusively refuted by documentary evidence. Plaintiff opposes the motion, arguing that her retaliation claims are distinct from those adjudicated by the New York State Division of Human Rights ("SDHR"), sufficiently pled under applicable legal standards, and supported by the inference of causation based on temporal proximity.
BACKGROUND AND PROCEDURAL HISTORY
Plaintiff, a Job Opportunity Specialist employed by Defendant since 2015, alleges workplace discrimination based on race and disability, culminating in retaliatory actions after she filed complaints with the SDHR in December 2022 and February 2023. Plaintiff claims she was subjected to adverse employment actions, including a suspension in January 2023 and disciplinary charges in March 2023.
Defendant contends these actions were unrelated to Plaintiff's protected activities, instead stemming from her documented history of insubordination and performance deficiencies. The SDHR dismissed both of Plaintiff's administrative complaints, finding no probable cause for her discrimination or retaliation allegations.

ARGUMENTS
In support of the instant motion, Defendant argues that Plaintiff's claims are barred by the Election of Remedies Doctrine, codified in Executive Law § 297(9). Relying on Benjamin v. New York City Dept. of Health, 57 AD3d 403 (1st Dept 2008), Defendant asserts that once Plaintiff elected the administrative forum by filing complaints with the SDHR, she was precluded from pursuing judicial claims arising from the same incidents.
Additionally, Defendant contends that Plaintiff fails to establish the requisite causal connection between her February 2023 SDHR complaint and the March 2023 disciplinary charges. Defendant highlights Smallen v. New York Univ., No. 106564/2006, 2009 NY Misc. LEXIS 5957 (Sup. Ct., NY Co., July 8, 2009), where the court held that gradual adverse actions predating protected activity undermine retaliation claims. Defendant underscores that disciplinary actions against Plaintiff commenced in January 2023, prior to her second SDHR filing, and were based on long-standing performance issues.
Finally, Defendant presents documentary evidence, including records of Plaintiff's disciplinary history and the SDHR's determinations, as conclusive proof that Plaintiff's claims lack merit under CPLR § 3211(a)(1).
Plaintiff counters that the Election of Remedies Doctrine is inapplicable because her retaliation claims are distinct from the discrimination allegations adjudicated by the SDHR. Citing Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000), Plaintiff argues that retaliation constitutes a separate and independent violation of anti-discrimination statutes.
Plaintiff further asserts that the temporal proximity between her February 2023 complaint and the March 2023 disciplinary charges establishes a prima facie case of retaliation. Relying on Summa v. Hofstra Univ., 708 F.3d 115 (2d Cir. 2013), she contends that a six-week interval is sufficient to infer retaliatory intent. Plaintiff disputes the relevance of preexisting disciplinary actions, asserting they were pretextual and intended to obscure Defendant's retaliatory motives.

 DISCUSSION
CPLR § 3211(a)(2) provides that a party may move for judgment dismissing one or more causes of action on the ground that the court lacks subject matter jurisdiction (CPLR § 3211[a][2]). Similarly, CPLR § 3211(a)(7) permits dismissal where a pleading fails to state a cause of action, requiring the court to determine whether the allegations, accepted as true and construed liberally in favor of the plaintiff, state a legally cognizable claim (see Rovello v. Orofino Realty Co., 40 NY2d 633, 636 [1976]). Additionally, CPLR § 3211(a)(1) authorizes dismissal when documentary evidence conclusively refutes the plaintiff's factual claims. Here, Defendant's submissions, including detailed records of Plaintiff's disciplinary history and determinations by the SDHR, establish that Plaintiff cannot plead a cognizable cause of action, [*2]as the adverse actions complained of were grounded in legitimate, non-retaliatory reasons. As the Appellate Division, First Department, held in Hernandez v. Bankers Trust Co., 5 AD3d 146 (1st Dept 2004), documentary evidence of preexisting disciplinary issues negates any inference of retaliatory intent. Furthermore, Defendant has demonstrated that Plaintiff's election of an administrative forum by filing complaints with the SDHR precludes her from pursuing judicial claims arising from the same incidents.
I. Election of Remedies Doctrine
The Election of Remedies Doctrine, codified under New York Executive Law § 297(9), precludes judicial review of claims arising from the same alleged discriminatory conduct already adjudicated by an administrative body, except where the administrative dismissal was for administrative convenience. In Hernandez v. Edison Properties, No. 103762/2012, 2013 NY Misc. LEXIS 6529 (Sup. Ct., NY Co., Mar. 31, 2013), the court emphasized that this doctrine bars judicial claims that overlap factually or legally with those resolved administratively. Moreover, as articulated in Emil v. Dewey, 49 NY2d 968 (1980), the doctrine applies broadly to preclude litigation of issues stemming from the same operative facts, even when reframed under different legal theories or involving additional parties.
Here, Plaintiff's verified complaint merely reiterates allegations previously presented in her December 2022 and February 2023 SDHR complaints, including claims that her January 2023 suspension constituted retaliatory discipline. As reflected in the SDHR's determinations, the agency investigated and found no probable cause to support Plaintiff's claims of discrimination or retaliation. Specifically, the SDHR concluded that Plaintiff's January 30, 2023, suspension resulted from her obstructive conduct during the January 25, 2023, incident, where she blocked her supervisor's access to an emergency area, and not from any retaliatory animus. This factual overlap is dispositive under Emil, as the SDHR's findings negate any further judicial action based on identical events.
Plaintiff's attempt to distinguish her retaliation claims from her discrimination claims also fails. The Appellate Division, First Department, in Magini v. Otnorp, Ltd., 180 AD2d 476 (1st Dept 1992), underscored the doctrine's broad application, barring judicial claims arising from the same factual nexus as prior administrative proceedings. Plaintiff's retaliation claims here rest on the same operative facts already adjudicated by the SDHR, including her December 2022 complaint and subsequent January 2023 suspension.
Additionally, during oral argument on December 4, 2024, defense counsel underscored the Benjamin v. New York City Dept. of Health, 57 AD3d 403 (1st Dept 2008), decision, which further reinforces this doctrine. In Benjamin, the court found that filing successive retaliation claims predicated on events already reviewed by an administrative agency contravenes the principle of finality and judicial economy inherent in the Election of Remedies Doctrine. Similarly, Plaintiff here seeks to relitigate claims of retaliatory conduct explicitly addressed and rejected by the SDHR, cloaking them in a new legal theory without altering the underlying factual matrix.
Moreover, as the documentary evidence annexed to Defendant's motion demonstrates, the SDHR dismissed Plaintiff's claims after a comprehensive investigation, finding no causal connection between her protected activity and the adverse actions. The SDHR documented that Plaintiff had a history of insubordination and misconduct both before and after her administrative complaints (see Defendant's Exhibits B1 [NYSCEF Doc No. 10] and A1 [NYSCEF Doc No. 8]). For example, Plaintiff's January 2023 suspension and the March 2023 [*3]disciplinary charges were consistent with a pattern of documented performance issues, undermining any inference of retaliation.
In short, the Election of Remedies Doctrine bars Plaintiff's retaliation claims arising from her December 2022 SDHR complaint and January 2023 suspension. Allowing these claims to proceed would contravene established legal precedent and the underlying principles of administrative finality.
In addition, the March 15, 2023, disciplinary charges that Plaintiff relies on similarly fail under the doctrine for several reasons. First, the disciplinary charges were predicated on a series of documented performance issues, including insubordination, unprofessional conduct, and misuse of workplace resources. These incidents, detailed in the record, began well before Plaintiff filed her December 2022 SDHR complaint. For instance, the March 15, 2023, charges cite twelve instances of misconduct starting in September 2022, showing that the disciplinary process was not connected to her administrative complaints but rather to a consistent pattern of workplace issues. This factual overlap with prior SDHR investigations brings the charges squarely under the doctrine's bar, as the SDHR had already reviewed and dismissed allegations of retaliation based on similar claims of adverse action.
Second, the SDHR explicitly found no probable cause to believe that Plaintiff's suspension or related disciplinary actions were retaliatory. The March 15, 2023, disciplinary charges were a continuation of the same administrative review process initiated after Plaintiff's January 25, 2023, misconduct. The SDHR determined that this suspension and subsequent disciplinary review were consistent with Plaintiff's history of documented misconduct, which included multiple write-ups and warnings both before and after her protected activity. These findings confirm that the March 15, 2023, disciplinary charges arise from the same facts previously adjudicated.
Third, the timeline further undermines Plaintiff's claim. Plaintiff filed her second SDHR complaint on February 9, 2023, weeks after she was suspended on January 30, 2023. The disciplinary charges on March 15, 2023, were a continuation of the disciplinary process already in motion before her protected activity. In Okocha v. City of New York, No. 103637/2009, 2013 NY Misc. LEXIS 3331 (Sup. Ct., NY Co., July 26, 2013), the court emphasized that where investigations into misconduct predate protected activity, subsequent disciplinary actions cannot reasonably be inferred to be retaliatory. Similarly, here, the March charges stem from the January 25, 2023, incident and earlier documented misconduct, severing any causal link to her February 2023 SDHR filing.
Under Benjamin, 57 AD3d 403 (1st Dept 2008), the doctrine bars claims that attempt to reframe identical or related conduct under new legal theories. Plaintiff's attempt to challenge the March 15, 2023, disciplinary charges as retaliatory is effectively an effort to relitigate the same issues previously resolved by the SDHR. The SDHR's finding of no probable cause on Plaintiff's February 2023 complaint necessarily encompassed any allegations that the ongoing disciplinary actions, including those culminating in March, were retaliatory. Consequently, allowing this claim to proceed would contravene the doctrine's purpose of avoiding duplicative litigation.
Accordingly, Plaintiff's claims are dismissed in their entirety.
II. Retaliation Claims
A. Absence of Causal Connection
To establish retaliation, Plaintiff must demonstrate a causal link between her protected [*4]activity and the adverse employment actions. While temporal proximity may sometimes support causation, courts have consistently held that an inference of retaliation does not arise when adverse actions predate the protected activity. This principle was articulated in Smallen v. New York Univ., No. 106564/2006, 2009 NY Misc. LEXIS 5957, *44 (Sup. Ct. NY Co., July 8, 2009), which emphasized that "where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."
This reasoning is echoed in several cases. For instance, in Gaffney v. City of New York, No. 107675/2005, 2011 NY Misc. LEXIS 4592, *30 (Sup. Ct. NY Co., Sept. 22, 2021), the court held that adverse actions predating a discrimination complaint could not support a retaliation claim, even if those actions continued afterward. Likewise, in Edwards v. Jamaica Hospital Med. Center, No. 112504/2004, 2006 NY Misc. LEXIS 9403, *18 (Sup. Ct. NY Co., June 28, 2006), the court found no protected activity where adverse actions were justified by documented performance deficiencies predating any complaint. Similarly, in Hernandez v. Bankers Trust Co., 5 AD3d 146, 147 (1st Dept 2004), the Appellate Division, First Department, rejected a retaliation claim where the plaintiff's complaint of discrimination followed reprimands for a terminable offense, severing any causal connection.
Here, Defendant's disciplinary proceedings against Plaintiff clearly commenced prior to her February 2023 SDHR filing. Plaintiff's January 25, 2023, write-up for insubordination and her January 30, 2023, suspension notice demonstrate that adverse actions were already in motion weeks before her protected activity. These actions arose from Plaintiff's obstructive conduct on January 25, 2023, where she blocked her supervisor's access to an emergency area, rather than any retaliatory motive.
The facts here align closely with Okocha v. City of New York, No. 103637/2009, 2013 NY Misc. LEXIS 3331 (Sup. Ct., NY Co., July 26, 2013), in which the court found that disciplinary investigations initiated prior to protected activity could not support a retaliation claim. In Okocha, the court emphasized that "the key factor is not when the disciplinary charges were filed but when the investigation started." Similarly, in this case, the disciplinary investigation began with Plaintiff's January 25, 2023, misconduct, well before she engaged in protected activity by filing her February 2023 SDHR complaint. The continuation of disciplinary actions, including the March 15, 2023, charges, was part of this preexisting process and cannot be construed as retaliatory.
Plaintiff's reliance on Summa v. Hofstra Univ., 708 F.3d 115 (2d Cir. 2013), is misplaced and distinguishable on several grounds. In Summa, the plaintiff alleged retaliation after she filed a Title VII complaint, and the adverse actions were closely linked in time and nature to her protected activity. The court found a causal connection because the employer's actions appeared to be a direct response to the plaintiff's complaint, with no intervening non-retaliatory rationale.
Here, by contrast, the disciplinary actions against Plaintiff were wholly independent of her protected activity. The March 15, 2023, disciplinary charges were the culmination of a process initiated weeks before her February 2023 SDHR complaint. Unlike Summa, where the temporal proximity was indicative of retaliation, the timeline in this case undermines any inference of causation. Plaintiff's disciplinary record, which included documented performance issues dating back to September 2022, demonstrates a clear and ongoing non-retaliatory rationale for Defendant's actions.
Additionally, Summa is a Second Circuit decision interpreting federal law, specifically [*5]Title VII, and therefore is not binding on this court. While persuasive authority may sometimes guide state courts, the clear and consistent rulings of New York state courts, as in Smallen, Gaffney, and Okocha, provide a more relevant and authoritative basis for analysis under the NYSHRL and NYCHRL.
As such, Plaintiff cannot establish the required causal connection between her protected activity and the adverse employment actions. The timing of Defendant's disciplinary actions, their independent justification, and the preexisting investigation into Plaintiff's conduct collectively preclude any inference of retaliation. The reasoning in Summa is inapplicable to this case, and the persuasive weight of New York case law compels dismissal of Plaintiff's retaliation claims.
B. Defendant's Legitimate, Non-Retaliatory Justifications
Plaintiff's contention that the disciplinary charges issued against her were pretextual is unpersuasive and directly contradicted by the findings of the SDHR. As confirmed by Defendant's documentary evidence and the SDHR's determinations, Plaintiff's disciplinary history provided a legitimate, non-retaliatory basis for the adverse actions. In Melman v. Montefiore Med. Ctr., 98 AD3d 107 (1st Dept. 2012), the Appellate Division, First Department, emphasized that an employer's well-documented record of performance deficiencies serves as a compelling defense to claims of pretext. Similarly, here, Defendant's consistent documentation of Plaintiff's insubordination and misconduct over several months negates any assertion that the disciplinary measures were retaliatory or pretextual.
Defendant's actions—including the issuance of disciplinary charges in March 2023—were in strict adherence to its established disciplinary framework. Plaintiff was repeatedly warned about her conduct, as reflected in her January 25, 2023, write-up, and suspended on January 30, 2023, following her obstruction of a supervisor's access to an emergency area. These disciplinary measures were neither abrupt nor retaliatory but were instead the culmination of ongoing investigations and performance management that predated her February 2023 SDHR complaint.
As the court observed in Melman, the judiciary is not a "super-personnel department" tasked with second-guessing an employer's managerial decisions. To hold otherwise would undermine the foundational principles of employer discretion and accountability in the workplace. Plaintiff's claims rest on speculation and conjecture, which are insufficient to overcome Defendant's well-supported rationale for its actions.
Plaintiff's argument, if accepted, would set a dangerous precedent. To permit employees to cloak themselves in anti-retaliation protections as a shield against legitimate disciplinary actions would erode workplace standards and destabilize the balance between protecting employees and preserving employers' ability to enforce workplace rules. The law must safeguard employees against genuine retaliation, but it does not, and cannot, provide carte blanche immunity for misconduct under the guise of protected activity. As the court in Melman rightly observed, such an approach would improperly transform anti-retaliation statutes into a vehicle for avoiding accountability, rather than a safeguard against discrimination and reprisal.
Furthermore, embracing Plaintiff's reasoning would discourage employers from documenting and addressing performance issues for fear of facing retaliation claims. This would chill effective management practices and compromise workplace efficiency and fairness. Courts must not create a system in which the mere filing of a discrimination or retaliation complaint inoculates an employee from legitimate discipline, especially when, as here, the employer's [*6]actions are supported by substantial documentary evidence and a history of consistent performance issues.
Finally, the court finds Plaintiff's contention that dismissal is premature pending further discovery unpersuasive and legally untenable. Dismissal at this stage is appropriate when the documentary evidence submitted by Defendant conclusively establishes a defense as a matter of law and where Plaintiff's claims fail to articulate a plausible cause of action. Under CPLR § 3211(a)(1) and (a)(7), further discovery is unwarranted when the allegations in the complaint are wholly contradicted by clear and unequivocal documentary evidence, as is the case here.
Defendant has submitted substantial documentary evidence, including the SDHR's findings of no probable cause, Plaintiff's documented disciplinary history, and the timeline of adverse actions, all of which demonstrate that Plaintiff's claims are without merit. As established in Melman v. Montefiore Med. Ctr., 98 AD3d 107 (1st Dept 2012), courts are not required to permit discovery to explore speculative claims when the record conclusively establishes that the adverse actions were grounded in legitimate, non-retaliatory reasons. Plaintiff's documented misconduct, detailed in write-ups and warnings dating back to September 2022, predates her February 2023 SDHR complaint and demonstrates that the disciplinary actions were unrelated to any protected activity.
Further, the SDHR's determinations, which found no causal connection between Plaintiff's protected activity and the adverse actions, independently corroborate Defendant's position. The findings underscore that Plaintiff's claims of retaliation are contradicted by the record and are legally insufficient to proceed. In such cases, discovery cannot serve as a fishing expedition to search for evidence to support speculative claims.
Plaintiff's assertion that discovery might yield evidence of pretext is entirely speculative and insufficient to preclude dismissal. In Okocha v. City of New York, No. 103637/2009, 2013 NY Misc. LEXIS 3331 (Sup. Ct., NY Co., July 26, 2013), the court noted that dismissal is warranted where an employer's actions were clearly initiated before any protected activity, as further discovery would not alter the fundamental facts of the case. Similarly, here, Plaintiff's January 25, 2023, write-up and January 30, 2023, suspension predate her protected activity, rendering her retaliation claims implausible. Discovery cannot retroactively establish a causal connection where none exists.
For the foregoing reasons, Plaintiff's claims are barred by the Election of Remedies Doctrine, fail to establish a causal connection between her protected activity and the alleged retaliation, and are refuted by documentary evidence. Defendant's motion to dismiss is therefore granted and the verified complaint is dismissed in its entirety.
Accordingly, it is hereby
ORDERED that the instant motion is granted, and this action is dismissed as against Defendant; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in Defendant's favor, and dismissing the case, accordingly; and it is further
ORDERED that counsel for Defendant shall serve a copy of this decision and order, with notice of entry, on Plaintiff within ten days of the date of this decision and order; and it is further
ORDERED that counsel for Defendant shall serve a copy of this order, with notice of entry, on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) within five days from the date of this order; and it is further
ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh).
This constitutes the decision and order of the court.
DATE 12/4/2024
HASA A. KINGO, J.S.C.